[Nos. 31619-2-I; 33345-3-I.    Division One.    February 6, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. CARLOS R. VELIZ, *Appellant*.

*In the Matter of the Personal Restraint of* CARLOS R. VELIZ, *Petitioner*.

*Constance Marie Krontz* of *Washington Appellate Defender Association*, for appellant.

*David S. McEachran, Prosecuting Attorney,* and *David Grant, Deputy*, for respondent.

AGID, J. — Carlos Veliz appeals his conviction for first degree child molestation on the ground that the trial court erred in refusing to give the jury his proposed instruction based on *State v. Powell*, 62 Wn. App. 914, 816 P.2d 86 (1991), *review denied*, 118 Wn.2d 1013 (1992). Veliz has also filed a personal restraint petition contending that he was deprived of due process, was subjected to cruel and unusual punishment, did not receive effective assistance of counsel and that prosecutorial misconduct deprived him of a fair trial. We affirm his conviction and dismiss his personal restraint petition.[1]

## FACTS

V.F. is Veliz' former spouse. At the time of trial, V.F. and Veliz had been divorced for 18 years. They had two daughters, Maria and Lisa. V.F. also had a daughter, A.F., by her second husband, from whom she is also divorced. At the time of trial, A.F. was 10 years old.

V.F., her current boyfriend, and A.F. stayed at Maria's house while A.F. was out of school for the 1991-92 winter vacation. One night during that time period, Veliz also stayed overnight at Maria's home.[2] The next morning, A.F. and her 1-year-old niece woke up early.[3] Veliz told A.F. to come lie down on the floor next to him. After she lay down, Veliz covered her with a blanket and began touching what A.F. described as her

---

[1]Veliz' personal restraint petition is discussed in the unpublished portion of this opinion.

[2]In addition to these family members, Maria also had four children living with her. Everyone slept in the same room: V.F., her boyfriend, and A.F. slept on a day bed; Maria and three of her children slept in another bed; Veliz and one of his grandsons slept on the floor.

[3]Apparently all the adults except Veliz were still asleep.

"private spot in the front". Veliz touched her over her clothing and rubbed the area in small circles. The touch lasted about 20 to 30 seconds. A.F. told Veliz that she needed to change the baby. He removed his hand and she got up. Later that day, A.F. told her mother and sister that Veliz had touched her. No one called the police at that time. Three months later, however, Child Protective Services and the police were called after A.F.'s teacher noticed changes in her behavior. Later the police arrested Veliz, and he was charged with first degree child molestation in violation of RCW 9A.44.083. A jury found him guilty as charged and he appeals.

## DISCUSSION

At trial, the defense proposed the following instruction based on language from *State v. Powell*, 62 Wn. App. 914, 917, 816 P.2d 86 (1991), *review denied*, 118 Wn.2d 1013 (1992):

> Proof that an unrelated adult with no caretaking function has touched the intimate parts of a child supports the inference the touching was for the purpose of sexual gratification. However, in those cases in which the evidence shows touching through clothing, . . . the courts have required some additional evidence of sexual gratification.

The court refused to give this instruction. Veliz contends that this ruling precluded him from arguing his theory of the case because the only dispute at trial was whether he touched A.F. for the purpose of sexual gratification.

In *Powell*, the defendant was convicted of one count of first degree child molestation based on the following evidence:

> According to Windy, in the weeks preceding Thanksgiving a man she knew as Uncle Harry, while she was seated on his lap, hugged her around the chest. As he assisted her off his lap he placed his hand on her "front" and bottom on her underpanties under her skirt. On another occasion, while Windy was alone with Uncle Harry in his truck waiting for her cousin, he touched both her thighs. On both occasions, he only touched her on the outside of her clothing. Windy identified Mr. Powell as Uncle Harry. She was unable to describe how he touched her.

62 Wn. App. at 916. The court held that this evidence was insufficient to uphold the conviction. There was no evidence other than the touches described above to establish that Powell touched Windy for the purpose of sexual gratification. The court reasoned that, where evidence shows touching either through clothing or of intimate (as opposed to sexual) parts of the body, some additional evidence of sexual gratification is required to prove the crime of child molestation.[4] The court reversed Powell's conviction on the ground that his purpose in touching Windy was too equivocal to establish that it was done for sexual gratification. 62 Wn. App. at 917.

■ Veliz argues that under *Powell*, the jury should have been instructed that it was required to find additional evidence of sexual gratification to convict him of child molestation because he touched A.F. in an intimate area over her clothing. We agree that, under *Powell*, because Veliz touched A.F. over her clothing, the State was required to prove that he touched her for the purpose of sexual gratification, regardless of whether the area she described is characterized as an intimate or a sexual part. We reject his argument, however, that he was entitled to a specific jury instruction under *Powell*. *Powell* involved a challenge to the sufficiency of the evidence, not to the jury instructions.[5] Powell asked the court to determine whether, as a matter of law, there was sufficient evidence from which a rational trier of fact could have found all the elements of the crime beyond a reasonable doubt, 62 Wn. App. at 916, not whether the court had properly instructed the jury.[6] Thus, *Powell* does not

---

[4]"Intimate parts" has a broader connotation than sexual parts and includes " 'parts of the body in close proximity to the primary erogenous areas . . .' " including hips, buttocks, and lower abdomen. *Powell*, 62 Wn. App at 917 n.3 (quoting *In re Adams*, 24 Wn. App. 517, 519-21, 601 P.2d 995 (1979)). Here, A.F. testified that Veliz touched her over her clothing on her "private spot in the front".

[5]Although Veliz has not challenged his conviction based on the sufficiency of the evidence, we note that, given the type of contact and its extended nature, the evidence is clearly sufficient to establish that he touched A.F. for the purpose of sexual gratification.

[6]At one point in *Powell*, the court indicated that the evidence was insufficient because it was "susceptible of innocent explanation". 62 Wn. App. at 918. We

stand for the proposition that a trial court is required to instruct the jury that it must find additional evidence of sexual gratification in order to find the defendant guilty of child molestation.

Furthermore, the instructions actually given to the jury in this case required it to find that Veliz touched A.F. for the purpose of sexual gratification. The jury was instructed that, to convict Veliz, it must find that he had sexual contact with A.F. In a separate instruction, the term "sexual conduct" was defined as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party". Thus, the instructions allowed Veliz to argue that he had not touched A.F. or, alternatively, if he had, that the touching was not for the purpose of sexual gratification. The instructions were therefore sufficient. *See State v. Wanrow*, 88 Wn.2d 221, 236-37, 559 P.2d 548 (1977) (jury instructions are sufficient when they correctly state the law and allow the parties to argue their theories of the case).

The remainder of this opinion has no precedential value. Therefore, it will not be published but has been filed for public record. *See* RCW 2.06.040; CAR 14.

PEKELIS, C.J., and BAKER, J., concur.

---

question whether this is the proper test for evaluating challenges to the sufficiency of the evidence. If this were the test, child molestation convictions would be subject to dismissal or reversal simply because a jury *could* believe a nonsexual explanation for the behavior. In our view, the correct test is that recited by the *Powell* court at the beginning of its opinion: whether, as a matter of law, there is sufficient evidence from which a rational trier of fact could find all the elements of the crime beyond a reasonable doubt. 62 Wn. App. at 916.