IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                        Appellant,<br><br>      v.<br><br>ERIC DEAN VIGIL,<br><br>                      Respondent. | No. 77848-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: July 22, 2019 |

CHUN, J. — A jury convicted Eric Vigil of two counts of third degree child molestation.[1] At trial, Vigil requested a jury instruction requiring additional evidence of sexual gratification where touching of intimate parts occurs through clothing. The trial court determined the instruction was unnecessary under State v. Veliz, 76 Wn. App. 775, 778-79, 888 P.2d 189 (1995). We agree and affirm.

I.
BACKGROUND

Vigil celebrated Thanksgiving in 2015 at the home of his friend, Bruce Burns. Knowing Vigil lived a significant distance away, Burns invited him to stay the night. The next day, Burns's 14-year-old stepdaughter, K.C., reported that Vigil had touched her breast and squeezed her buttocks over her clothing. K.C. also told her parents that Vigil entered her room, offered her a beer, and asked

---

[1] The jury also convicted Vigil of one count of communication with a minor for immoral purposes. Vigil does not appeal this conviction.

her to "give him her lips" and kiss him. After K.C. told Vigil to leave her room, he stayed outside her bedroom door all night and kept opening and closing her door.

K.C.'s parents contacted police. The State charged Vigil with two counts of third degree child molestation, and one count of communication with a minor for immoral purposes.

At trial, K.C. recounted the following: Vigil rubbed her back over her clothes and a blanket she had wrapped around her shoulders. Vigil then moved his hand up toward the top of her shoulder and continued rubbing. Soon after, Vigil began rubbing his hand down the front of K.C.'s body. Specifically, he rubbed up and down K.C.'s left breast on the outside of her shirt and the blanket. Later, when K.C. hugged him goodnight, Vigil "grabbed" her buttocks under the blanket but outside of her shorts.

K.C. went to her bedroom and eventually fell asleep. She woke up because of a "scratching feeling" on her elbow and arm and found Vigil holding her arm and putting his mouth on it. Vigil offered K.C. a beer, which she declined. Vigil asked K.C. repeatedly if she wanted him to leave her room, and she responded yes. Before he left, he asked for a kiss and said "give me your lips." K.C. again declined and told Vigil to leave her room. He left her room. But later that night K.C. found him sitting outside her door. Vigil opened and closed her door several times throughout the night. K.C. also heard the clicking sound of a cell phone camera during one of the times Vigil opened her door.

2

After conclusion of all testimony, Vigil proposed the following jury instruction on sexual gratification: "If the evidence shows touching through clothing, or touching of intimate parts of the body other than the primary erogenous areas, some additional evidence of sexual gratification is required." The trial court declined to give the instruction.

A jury convicted Vigil as charged. Vigil appeals.

## II.
## DISCUSSION

### A. Jury Instruction

Vigil contends the trial court's failure to issue his requested jury instruction deprived him of his right to due process and a fair trial. Vigil proposed this instruction based on cases concluding that the State must present additional evidence of sexual gratification where the evidence shows only touching through clothing. See State v. Powell, 62 Wn. App. 914, 917, 816 P.2d 86 (1991) (discussing the sufficiency of the evidence); State v. Harstad, 153 Wn. App. 10, 21, 218 P.3d 624 (2009) (same). The trial court declined to issue the instruction because this court previously determined that Powell addressed only the sufficiency of the evidence of molestation and "does not stand for the proposition that a trial court is required to instruct the jury that it must find additional evidence of sexual gratification in order to find the defendant guilty of child molestation." Veliz, 76 Wn. App. at 778-79. We agree with the trial court and adhere to the decision outlined in Veliz, 76 Wn. App. at 779.

"Jury instructions are proper when they permit the parties to argue their theories of the case, do not mislead the jury, and properly inform the jury of the applicable law." State v. Barnes, 153 Wn.2d 378, 382, 103 P.3d 1219 (2005). The standard of review for jury instructions varies based on the decision under review. State v. Condon, 182 Wn.2d 307, 315, 343 P.3d 357 (2015). "The trial court's refusal to give an instruction based upon a ruling of law is reviewed de novo." State v. Walker, 136 Wn.2d 767, 772, 966 P.2d 883 (1998). Here, the trial court determined that Vigil's proposed instruction was not required as a matter of law under Veliz. 76 Wn. App. at 777. Therefore, we review the decision de novo.

The trial court correctly refused to give Vigil's suggested instruction in accordance with existing case law. In Veliz, the defense proposed a similar jury instruction during a trial for first degree child molestation where the evidence showed the touching occurred over clothing. 76 Wn. App. at 777. Veliz claimed the trial court's refusal to give the instruction precluded him from arguing his theory of the case. Veliz, 76 Wn. App. at 777. This court disagreed, concluding:

> [T]he instructions actually given to the jury in this case required it to find that Veliz touched A.F. for the purpose of sexual gratification. The jury was instructed that, to convict Veliz, it must find that he had sexual contact with A.F. In a separate instruction, the term "sexual conduct" was defined as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party." Thus, the instructions allowed Veliz to argue that he had not touched A.F. or, alternatively, if he had, that the touching was not for the purpose of sexual gratification. The instructions were therefore sufficient.

Veliz, 76 Wn. App. at 779.

4

In this case, the jury instructions provided the same opportunity for argument as those approved in Veliz. The trial court provided the "to convict" instruction requiring the jury to find Vigil had sexual contact with K.C. A separate instruction gave the definition of "sexual contact" as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desires of either party." These instructions permitted Vigil to argue that he did not touch K.C. and that any touching was not for the purpose of sexual gratification.

The trial court's instructions were sufficient for Vigil to argue his theory of the case. The trial court correctly followed Veliz, and we see no compelling reason to disregard this precedent.

B. Entry of Findings of Fact and Conclusions of Law

Vigil requests remand for entry of written findings of fact and conclusions of law as required by CrR 3.5(c). The trial court held the CrR 3.5 hearing on June 15, 2017, at which time the court ruled orally on the admissibility of Vigil's statement to the police. As of the filing of Vigil's appellate brief on May 30, 2018, the trial court had yet to enter the requisite findings of fact and conclusions of law on that proceeding. The trial court belatedly entered the findings and conclusions on June 7, 2018. Because the trial court has complied with CrR 3.5(c), this court can no longer provide the relief sought and Vigil's request is moot. See Snohomish County v. State, 69 Wn. App. 655, 660, 850 P.2d 546 (1993) ("A case is technically moot if the court cannot provide the basic relief

originally sought or can no longer provide effective relief") (internal citation omitted).

Affirmed.

_____Chun, J._____

WE CONCUR:

_____          _____