[No. 59191-1. En Banc. July 30, 1992.]

THE STATE OF WASHINGTON, *Respondent*, v. NATHAN VINCENT HOWELL, *Appellant*.

*Jeffrey J. Jahns* and *Ronald D. Ness & Associates,* for appellant.

*John W. Ladenburg, Prosecuting Attorney,* and *Chris Quinn-Brintnall, Senior Appellate Deputy,* for respondent.

ANDERSEN, J. —
## FACTS OF CASE

The issue in this case is whether the special sex offender disposition alternative, contained in the Juvenile Justice Act of 1977 (RCW 13.40), authorizes the imposition of confinement time upon a minor or first offender absent a finding of manifest injustice. We hold that it does and affirm the sentence.

On October 27, 1990, the 15-year-old juvenile offender had sexual intercourse with his 3-year-old sister. He subsequently pleaded guilty to incest in the first degree.

At the disposition hearing the trial court classified him as a minor or first offender and imposed a disposition under option B of the disposition guidelines. That option allows a "term of community supervision with a maximum of 150 hours [community service], $100.00 fine, and 12 months supervision."[1] However, the court found that the treatment alternative available under the special sex offender disposition alternative[2] was appropriate in this case. The trial court then apparently suspended the option B disposition on the condition that the juvenile comply with a number of conditions. Those conditions included sex offender therapy and 27 days of confinement (suspended).

The juvenile offender claims on appeal that the juvenile court did not have authority to impose *any* confinement time, after determining that he was a minor or first offender, without first making a finding of "manifest injustice" pursuant to RCW 13.40.0357, sched. D-1, option C, and RCW 13.40.160(2).

This court accepted certification. There is one issue on appeal.

## ISSUE

Does a juvenile court have the authority to impose up to 30 days of confinement time upon a minor or first offender as a condition of a disposition ordered under the special sex

---

[1] RCW 13.40.0357, sched. D-1, option B.

[2] RCW 13.40.160(5).

offender disposition alternative contained in RCW 13.40-.160(5)?

## DECISION

CONCLUSION. Under the special sex offender disposition alternative (hereafter SSODA) contained in the Juvenile Justice Act of 1977, a trial court has statutory authority to impose up to 30 days of confinement time upon a minor or first offender without making a finding of manifest injustice.

The question raised by this appeal requires interpretation of an *alternative* disposition option added to the Juvenile Justice Act of 1977[3] (the Act) during the 1990 legislative session.[4]

Under the "sentencing" framework established in the Act, offenders who plead guilty or who are found guilty by the court are first classified as "serious", "middle", or "minor or first" offenders.[5] The juvenile court then has discretion to select a disposition option, consistent with that classification.[6]

Until the Act was amended to include the SSODA, the only options available to the court were set forth in the schedules contained in RCW 13.40.0357. The options, labeled A, B and C, provide disposition ranges which are based on the seriousness of the offense and on offender points. Option A, for each classification, sets forth a specific range for community supervision, community service, confinement time, or fine.[7] In the case of a minor or first offender, no confinement time is listed.[8]

---

[3]RCW 13.40.

[4]*See* Laws of 1990, ch. 3, §§ 301-305, p. 40.

[5]RCW 13.40.150. The offender classifications are defined in RCW 13.40-.020(1), (13), and (14).

[6]RCW 13.40.0357, scheds. D-1, D-2, D-3.

[7]RCW 13.40.0357.

[8]*See* RCW 13.40.0357, sched. D-1, option A.

Option B, available for minor first offenders, provides for the following maximum sentence:

A term of community supervision with a maximum of 150 hours [community service], $100.00 fine, and 12 months supervision.

RCW 13.40.0357, sched. D-1, option B (part).

Option C permits the trial judge to order that a minor or first offender be confined, but only if the judge finds that a term of community supervision would result in a manifest injustice.[9] A manifest injustice exists either if the standard range disposition is excessive or if it "would impose a serious, and clear danger to society".[10]

The 1990 amendment to the Act, RCW 13.40.160(5),[11] creates an *alternative* to the standard range disposition in the case of certain first time sex offenders.[12] The disposition statute now provides:

(2) Where the respondent is found to be a minor or first offender, the court shall order that the respondent serve a term of community supervision as indicated in option A or option B of schedule D-1, RCW 13.40.0357 *except as provided in subsection (5) of this section.* . . . *Except as provided in subsection (5) of this section,* a disposition other than a community supervision may be imposed only after the court enters reasons upon which it bases its conclusions that imposition of community supervision would effectuate a manifest injustice.

(Italics ours.) RCW 13.40.160(2) (part).

The SSODA provides:

When a serious, middle, or minor first offender is found to have committed a sex offense, . . . and has no history of a prior

---

[9]RCW 13.40.0357, sched. D-1, option C. *See also* RCW 13.40.160(2).

[10]RCW 13.40.020(12).

[11]The Act was further amended in 1992. Laws of 1992, ch. 45, § 6, p. 141. The 1992 amendment is not pertinent here.

[12]Juveniles who may be given a treatment disposition under the SSODA are first time sex offenders who have committed a "sex offense" as defined in RCW 9.94A.030, part of the Sentencing Reform Act of 1981. The treatment alternative is not available to juveniles whose offense is also classified as a "serious violent offense" under RCW 9.94A.030. *See* RCW 13.40.160(5).

sex offense, the court, on its own motion or the motion of the state or the respondent, may order an examination to determine whether the respondent is amenable to treatment.

. . .

After receipt of reports of the examination, the court shall then consider whether the offender and the community will benefit from use of this special sex offender disposition alternative and consider the victim's opinion whether the offender should receive *a treatment disposition* under this section. *If the court determines that this special sex offender disposition alternative is appropriate, then the court shall impose a determinate disposition within the standard range for the offense, and the court may suspend the execution of the disposition and place the offender on community supervision for up to two years. As a condition of the suspended disposition, the court may impose the conditions of community supervision and other conditions, including up to thirty days of confinement and requirements that the offender do any one or more of [a number of specific conditions including treatment].*

(Italics ours.) RCW 13.40.160(5) (part).

For a court to impose a disposition under the SSODA, it must thus complete the following steps:

1. First, determine that the treatment disposition provided for under the SSODA is appropriate for the particular offender involved;
2. Impose a determinate disposition within the standard range for the offense;
3. Suspend execution of the determinate disposition and place the offender on community supervision for up to 2 years; and
4. Condition the suspended disposition on appropriate conditions, including up to 30 days of confinement.

Although the form order used by the juvenile court in this case does not provide room for the court to specifically reflect all of these steps, the court did note that it imposed a disposition under option B and that it then used the SSODA.

The juvenile offender does not here challenge the use of the SSODA in his case. Instead he argues that the language of SSODA with respect to the imposition of 30 days' confinement[13] is limited by the language contained in the dispo-

---

[13]RCW 13.40.160(5).

sition guidelines[14] and that a juvenile court is therefore prohibited from imposing *any* confinement time upon a minor or first offender without first making a finding of manifest injustice.

Interpretation of the SSODA is governed by general rules of statutory construction. If the language of the act is unambiguous, the statute is not subject to judicial construction, as there is nothing to construe.[15] An ambiguity exists only if the language of the statute is susceptible to more than one meaning.[16]

The language of the statute at issue here, the SSODA, is not ambiguous. The statute clearly grants a juvenile court authority to provide a *treatment* disposition as an *alternative* to a standard range disposition.[17] Such a disposition is not subject to the restrictions contained in RCW 13.40.0357.[18] The SSODA unambiguously states that up to 24, rather than 12, months of community supervision may be imposed upon a first time sex offender. It also unambiguously states that the suspension of the offender's standard range disposition may be conditioned upon the imposition of certain conditions, including up to 30 days of confinement.[19]

The Juvenile Justice Act of 1977 does not prohibit a court from imposing confinement time upon minor or first offenders, regardless of the circumstances. Rather, the Act provides that generally a juvenile court has to justify the imposition of confinement time on a minor or first offen-

---

[14] RCW 13.40.0357.

[15] *In re Williams*, 111 Wn.2d 353, 361, 759 P.2d 436 (1988).

[16] *Yakima v. International Ass'n of Fire Fighters, Local 469*, 117 Wn.2d 655, 669, 818 P.2d 1076 (1991).

[17] RCW 13.40.160(5).

[18] *See* RCW 13.40.160(2) (*"Except* as provided in subsection (5) [SSODA] of this section," no confinement may be imposed upon a minor first offender without a finding of manifest injustice. (Italics ours.)).

[19] RCW 13.40.160(5).

der.[20] However, the Legislature has exempted the SSODA dispositions from that requirement.[21] The confinement provision of the SSODA seems particularly appropriate when used as it was in the present case. Here the trial court suspended the confinement time and used that as an "incentive" for compliance with the conditions imposed including sexual offender therapy.

The Act simply means what it says; a minor or first offender who is given a treatment disposition under the SSODA may be confined for up to 30 days.

Affirmed.

DORE, C.J., and UTTER, BRACHTENBACH, DOLLIVER, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.

---

[20]RCW 13.40.160(2); RCW 13.40.230.

[21]*See* RCW 13.40.160(2).