[No. 37834-1-I. Division One. April 14, 1997.]

THE STATE OF WASHINGTON, *Appellant*, v. QUINN PATRICK MURRIN, *Respondent*.

*Norm Maleng, Prosecuting Attorney*, and *Andrew J. Ries, Deputy*, for appellant.

*Ann M. Carey* of *Society of Counsel Representing Accused Persons*, for respondent.

ALLENDOERFER, J.* — If an adjudicated juvenile offender, while serving a term of community supervision, allegedly commits a new offense, it may constitute both a violation of community supervision and a crime subject to independent prosecution. This appeal raises the issue of whether the State must elect between filing a motion to modify community supervision and filing an information charging the new crime.

We hold that the express language of RCW 13.40.070(3) requires such an election. We affirm the dismissal of an information filed by the State charging Quinn Murrin

---

*Judge James H. Allendoerfer is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

with one count of taking a motor vehicle without permission because the State had previously elected to proceed by way of modification of the juvenile's prior disposition order based on the same conduct.

## FACTS

Murrin pleaded guilty in juvenile court to one count of attempting to take a motor vehicle without permission. He was sentenced to three months of community supervision, and ordered to perform 16 hours of community service. He was also ordered to (1) engage in counseling and drug/alcohol evaluation and to follow all treatment recommendations, (2) regularly attend school, (3) pay restitution, (4) abide by all rules of an approved residence, including a curfew, (5) refrain from use or possession of any nonprescribed drugs, alcohol or weapons, and (6) not commit any new probable cause referrals.[1]

Approximately two months later, a notice of modification was filed by a juvenile court probation officer. Murrin had allegedly failed to perform community service, failed to pay restitution, violated his curfew and committed new offenses while on community supervision. The alleged offenses were taking a motor vehicle and possession of burglary tools, occurring on July 3, 1995.

At the modification hearing, the State relied on all of the alleged violations of community supervision.[2] Murrin took no position on the new offense allegations. The judge

---

[1]RCW 13.40.020(3) provides, in part: "As a mandatory condition of any term of community supervision, the court shall order the juvenile to refrain from committing new offenses."

[2]Murrin argued that if committing an offense while on community supervision constitutes both a basis for modification and a later prosecution, under RCW 13.40.070(3) the State had to elect in which manner to proceed. If the State elected to proceed as a modification, Murrin would admit the probable cause violation, and if not, Murrin asked that the violation be stricken. The trial judge asked the State which it elected. The State responded that it believed it could file both a modification and an information; therefore, it would not make an election.

modified Murrin's disposition order, and committed Murrin to 15 days in detention.[3]

The State later filed an information charging Murrin with taking a motor vehicle without permission for the July 3, 1995 incident. Murrin's motion to dismiss the information was granted pursuant to RCW 13.40.070(3).[4]

## I

The statute at issue, RCW 13.40.070, provides in pertinent part:

> (1) Complaints referred to the juvenile court alleging the commission of an offense shall be referred directly to the prosecutor. The prosecutor, upon receipt of a complaint, shall screen the complaint to determine whether:
>
> (a) The alleged facts bring the case within the jurisdiction of the court; and
>
> (b) On a basis of available evidence there is probable cause to believe that the juvenile did commit the offense.
>
> . . . .
>
> (3) If the requirements of subsection (1)(a) and (b) of this section are met, the prosecutor shall either file an information in juvenile court or divert the case, as set forth in subsections (5), (6), and (7) of this section. . . . *In lieu of filing an information or diverting an offense* a prosecutor may file a motion to modify community supervision where such offense constitutes a violation of community supervision.[5]

 Statutory construction is a question of law to be reviewed de novo.[6] The purpose of statutory construction

---

[3]The judge did not segregate the violations for penalty purposes, but ordered 15 days of detention for all violations of community supervision combined.

[4]At the hearing on this motion, the judge declared that by proceeding with the allegation, the State had made an election, despite the State's assertion that it had not.

[5]RCW 13.40.070 (emphasis added).

[6]*Rismon v. State*, 75 Wn. App. 289, 291, 877 P.2d 697 (1994).

is "to give content and force to the language used by the Legislature."[7] When interpreting a statute, the court should assume that the Legislature meant exactly what it said.[8] The court is to employ the plain and ordinary meaning of words as found in the dictionary in the absence of a statutory definition of words.[9] The words "in lieu of" mean "in the place of," "instead of."[10]

Read as a whole, RCW 13.40.070 establishes the prosecutor's affirmative duties when a new criminal complaint is referred to juvenile court. The prosecutor first screens the case for jurisdictional and factual sufficiency. Upon a finding of sufficiency, "the prosecutor shall either file an information in juvenile court or divert the case."[11] The final sentence of subsection (3) grants the prosecutor discretionary relief from the preceding mandate, and allows the alternative of filing a motion to modify community supervision where the alleged offender is subject to such supervision and the new offense constitutes a violation of the terms thereof. This alternative is introduced by the phrase, "[i]n lieu of filing an information or diverting an offense . . . ."[12]

■■ To read the phrase "in lieu of" as permitting the State to both modify community supervision and file an information based on the same conduct is a "strained consequence" that should be avoided.[13] Plain language does not require construction.[14]

---

[7]*State v. Wilson*, 125 Wn.2d 212, 216, 883 P.2d 320 (1994).

[8]*Geschwind v. Flanagan*, 121 Wn.2d 833, 841, 854 P.2d 1061 (1993).

[9]*State v. Bolar*, 129 Wn.2d 361, 366, 917 P.2d 125 (1996).

[10]WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1306 (1969).

[11]RCW 13.40.070(3).

[12]RCW 13.40.070(3).

[13]*See State v. Stannard*, 109 Wn.2d 29, 36, 742 P.2d 1244 (1987) ("Statutes should be construed to effect their purpose and unlikely, absurd or strained consequences should be avoided.").

[14]*Wilson*, 125 Wn.2d at 217. If a statute is clear, the court may not engage in statutory construction, nor may it consider nontextual considerations such as the rule of lenity. *Bolar*, 129 Wn.2d at 366.

■ We hold that because the Legislature used the words "in lieu of," and the ordinary meaning of these words is "instead of," the State is prohibited from both seeking modification of community supervision and filing an information based on the same conduct.[15] ·

The State argues that this interpretation of the statute leads to an unintended result whereby if the court, on its own motion, modifies a disposition order under RCW 13.40.200(1),[16] the State is thereafter precluded from filing an information for the new offense; or, in the alternative, if the State files an information first, the court is thereafter prohibited from filing a motion to enforce its own community supervision order in reaction to the new offense. RCW 13.40.070(3), however, is triggered only by action on the part of the State.[17] No election is required if the State and the court are acting independently. The Legislature did not, therefore, inadvertently give one branch of government preemptive powers over the other in responding to juvenile offenses, and the State's argument that the plain language interpretation of the statute leads to an

---

[15]*See State v. Martin*, 102 Wn.2d 300, 304-05, 684 P.2d 1290 (1984) (noting that if the Legislature had intended the confinement penalty to be credited against the restitution and community service portions of an original disposition, "it would have specifically stated 'in lieu of' " as it did in another portion of the statute); *State v. Smith*, 98 Or. App. 543, 546, 779 P.2d 1097, 1098 (1989) (noting that use of the phrase "in lieu of" shows a legislative intent to give the trial court alternative, but not cumulative, options).

In addition to committing a probable cause offense, Murrin committed other violations of community supervision. The State could simply have stricken the probable cause violation from the motion to modify community supervision and later filed an information. Because the State elected to include the probable cause violation in the motion to modify, and due to the Legislature's use of the "in lieu of" language in RCW 13.40.070(3), the State will be held to that election and prohibited from filing an information based on the same conduct.

[16]"When a respondent fails to comply with an order of restitution, community supervision, penalty assessments, or confinement of less than thirty days, the court upon motion of the prosecutor *or its own motion*, may modify the order after a hearing on the violation." RCW 13.40.200(1) (emphasis added).

[17]If a case were presented where it was proven that a juvenile court probation officer was filing a motion to modify at the direction of the court, rather than the prosecutor, a different interplay of RCW 13.40.070(3) and RCW 13.40.200(1) might occur than in the instant case, arguably leading to a different result.

unintended result is without merit. There is no inherent inconsistency between RCW 13.40.070(3) and 13.40.200(1).

■ The State also argues that this interpretation of the statute is contrary to Juvenile Justice Act goals of holding juvenile offenders accountable for their offenses and providing restitution to victims of offenses.[18] Even if this court were to conclude that the purposes of the Act would be better served by permitting the State to both modify community supervision and file a new offense based on the same conduct, "[j]udicial review of legislation does not carry with it a license to modify or amend legislative enactments."[19]

We affirm the trial court's order dismissing the information against Murrin, and hold that the express language of RCW 13.40.070(3) mandates the State to elect between filing an information and modifying community supervision when basing such state action on the same conduct.

Affirmed.

WEBSTER and BECKER, JJ., concur.

---

[18]*See* RCW 13.40.010(2)(c) and (h).

[19]*Rismon,* 75 Wn. App. at 293.