[No. 17044-6-III.    Division Three.    May 20, 1999.]

THE STATE OF WASHINGTON, *Respondent,* v. ANTHONY WHISENHUNT, *Appellant.*

*Melvin Day Hoit*, for appellant.

*James Richard Sweetser, Prosecuting Attorney*, and *Janet G. Gemberling, Deputy*, for respondent.

BROWN, J. — Anthony Whisenhunt was convicted of first degree child molestation. He contends the trial court erred because (1) the charge of child molestation arose from the same conduct that was the basis for a prior revocation of a suspended sentence; and (2) there was insufficient evidence to support a finding of sexual contact. We disagree, and affirm.

## FACTS

In January 1997, 15-year-old Anthony Whisenhunt pleaded guilty to first degree child molestation. The court imposed treatment and terms under the special sex offender disposition alternative (SSODA).

In June 1997, probation counselor Michelle Linahan requested revocation of Mr. Whisenhunt's SSODA treatment because of two sets of incidents of inappropriate contact with separate girls. Based on Ms. Linahan's request, the prosecutor filed a motion to modify the disposition.

At the revocation hearing before Judge Tari S. Eitzen,

Michael Winter, Mr. Whisenhunt's sex offender treatment provider, testified that Mr. Whisenhunt had two documented allegations of inappropriate contact with different females and that Mr. Whisenhunt was deceptive about contacts. Mr. Winter concluded the SSODA disposition should be revoked and explained his opinion why Mr. Whisenhunt was too high of a risk to the community. Based on this testimony, Judge Eitzen found Mr. Whisenhunt had not made satisfactory progress in his treatment and revoked his SSODA treatment, and reinstated the 13 to 16 weeks' commitment.

In August 1997, an information was filed charging Mr. Whisenhunt with first degree child molestation based on conduct related to one of the girls that was considered at the SSODA revocation. At trial before Judge Linda G. Tompkins, Mr. Whisenhunt moved to dismiss alleging that the charge was based on the same conduct that was the basis for the revocation of the SSODA disposition and thus, not permitted under *State v. Murrin*, 85 Wn. App. 754, 934 P.2d 728 (1997). Judge Tompkins denied the motion.

At trial, M.L., a 5-year-old girl, testified she frequently rode the school bus with Mr. Whisenhunt. M.L. testified Mr. Whisenhunt sat in the seat ahead of her on the school bus, reached his arm over the seat and touched her privates. She testified he did so on three separate occasions. Based on this testimony, Judge Tompkins inferred that Mr. Whisenhunt touched M.L. for the purpose of sexual gratification.

Judge Tompkins found Mr. Whisenhunt guilty. Mr. Whisenhunt appealed.

## ANALYSIS
### A. Revoking SSODA Does Not Prevent Prosecution

■ The issue is whether the trial court erred when denying Mr. Whisenhunt's motion for dismissal and concluding that revoking the earlier SSODA did not prevent his prosecution for his conduct with M.L.

RCW 13.40.070 provides in part:

(1) Complaints referred to the juvenile court alleging the commission of an offense shall be referred directly to the prosecutor. The prosecutor, upon receipt of a complaint, shall screen the complaint to determine whether:

(a) The alleged facts bring the case within the jurisdiction of the court; and

(b) On a basis of available evidence there is probable cause to believe that the juvenile did commit the offense.

. . . .

(3) If the requirements of subsections (1)(a) and (b) of this section are met, the prosecutor shall either file an information in juvenile court or divert the case, . . . . In lieu of filing an information or diverting an offense a prosecutor may file a motion to modify community supervision where such offense constitutes a violation of community supervision.

Statutory construction issues are reviewed de novo. *Welch v. Southland Corp.*, 134 Wn.2d 629, 632, 952 P.2d 162 (1998). We assume the Legislature meant exactly what it said. *Geschwind v. Flanagan*, 121 Wn.2d 833, 841, 854 P.2d 1061 (1993). If the language of a statute is unambiguous, it is not subject to judicial construction. *State v. Howell*, 119 Wn.2d 513, 518, 833 P.2d 1385 (1992). An ambiguity exists when the statute is susceptible of more than one meaning. *Id.*

RCW 13.40.070 is not ambiguous. It refers specifically to a modification of community supervision. A court may modify an order of community supervision when an offender willfully violates the terms of the order. RCW 13.40.200(1) and (2). RCW 13.40.070 does not mention a revocation of a SSODA regulated under a separate statute, former RCW 13.40.160(5), now RCW 13.40.160(4). Therefore, by its own terms, the statute applies only to a modification of community supervision.

Mr. Whisenhunt relies on *Murrin*, 85 Wn. App. 754, to argue RCW 13.40.070 applies to the present case. In *Murrin*, the court held the phrase "in lieu of" meant that a prosecutor could either seek a modification of the defend-

ant's community supervision or file an information when those actions are based on the same conduct: "We hold that because the Legislature used the words 'in lieu of,' and the ordinary meaning of these words is 'instead of,' the State is prohibited from both seeking modification of community supervision and filing an information based on the same conduct." *Id.* at 759.

*Murrin* is, however, distinguishable. First, the procedure in question in *Murrin* was a modification of community supervision rather than a revocation of a SSODA disposition. As noted above, this is the procedure specifically targeted in RCW 13.40.070.

Second, the prosecution here is not based on the same offense. In *Murrin*, the defendant was alleged to have committed new offenses of taking a motor vehicle and possession of burglary tools. *Id.* at 756. Based on these offenses, the trial court modified the defendant's disposition. Then, the prosecutor charged him with taking a motor vehicle without permission. *Id.* at 757.

Here, Mr. Winter, a sex offender treatment provider, testified that Mr. Whisenhunt had two documented allegations of inappropriate contact with separate females and that Mr. Whisenhunt tried to deceive him about the contact. As a result, Mr. Winter concluded the SSODA disposition should be revoked because Mr. Whisenhunt was too high of a risk to the community. Based on Mr. Winter's testimony, Judge Eitzen found Mr. Whisenhunt failed to make satisfactory progress. Thus, Judge Eitzen revoked the SSODA for independent reasons. Accordingly, we conclude Judge Tompkins properly denied Mr. Whisenhunt's motion to dismiss.

## B. Evidence Is Sufficient

The issue is whether the evidence is insufficient to support a finding of guilt that Mr. Whisenhunt touched M.L. with the intent to gratify his sexual desire.

The test for sufficiency of evidence is " 'whether, af-

ter viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). All reasonable inferences must be drawn in the State's favor and interpreted most strongly against the defendant. *State v. Joy*, 121 Wn.2d 333, 339, 851 P.2d 654 (1993).

■ RCW 9A.44.083(1) provides:

A person is guilty of child molestation in the first degree when the person has, or knowingly causes another person under the age of eighteen to have, sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim.

Sexual contact is defined by RCW 9A.44.010(2) as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party."

"Proof that an unrelated adult with no caretaking function has touched the intimate parts of a child supports the inference the touching was for the purpose of sexual gratification. However, in those cases in which the evidence shows touching through clothing, or touching of intimate parts of the body other than the primary erogenous areas, the courts have required some additional evidence of sexual gratification." *State v. Powell*, 62 Wn. App. 914, 917, 816 P.2d 86 (1991), *review denied*, 118 Wn.2d 1013 (1992) (citations omitted).

In *Powell*, the victim knew the defendant as Uncle Harry. *Id.* at 916. The defendant hugged the victim around the chest while she was seated in his lap and later touched her front and bottom on her underpants under her skirt when he lifted her off of his lap. On another occasion, he touched both of her thighs on the outside of her clothing. Both times the contact was fleeting. *Id.* at 918. The court held the evi-

dence was insufficient to support the inference the defendant touched the victim for sexual gratification. *Id.* It reasoned that the evidence of the defendant's purpose in touching the victim was open to innocent explanation.

Here, M.L. testified unequivocally that Mr. Whisenhunt touched her privates indicating her genital area, a primary erogenous zone, under her skirt but over her body suit. Unlike in *Powell*, this touching was not equivocal or fleeting in the sense the purpose of the contact was not open to innocent explanation. M.L. testified Mr. Whisenhunt, a person with no caretaking function, sat in the seat ahead of her on the school bus and reached his arm over the seat to touch her in the vaginal area. M.L. testified Mr. Whisenhunt touched her on three separate occasions. In view of these facts, Judge Tompkins could reasonably infer from evidence in this record that Mr. Whisenhunt acted for the purpose of sexual gratification. We conclude the evidence is sufficient to support a conviction.

## CONCLUSION

We hold the trial court did not err when denying Mr. Whisenhunt's motion for dismissal and concluding his prosecution was not barred by the previous revocation of his SSODA based in part on conduct that formed the basis for his prosecution for first degree child molestation. Further, we hold the evidence is sufficient to support the conviction.

Accordingly, we affirm.

KURTZ, A.C.J., and KATO, J., concur.