69 P.3d 884 (2003)
117 Wash.App. 126
STATE of Washington, Respondent,
v.
Tinh Quoc TRAN, Appellant.
No. 28473-1-II.
Court of Appeals of Washington, Division 2.
May 28, 2003.
*885 Michael Gordon Borge, Vancouver, WA, for Appellant.
Ricky W. Olson, Vancouver, WA, for Respondent.
HUNT, C.J.
Tinh Quoc Tran appeals his conviction for driving without a valid driver's license. Before Tran's criminal trial for this offense, his community supervision and disposition for a prior juvenile adjudication were modified based on several probation violations, including unexcused school absences, curfew violations, failure to spend the night at home, and violating the driver licensing law. Tran argues that under RCW 13.40.070(3), the State could not file both a motion to modify community supervision and an information charging him with a crime based on the same unlicensed driving incident. We agree and reverse.

FACTS

I. ORIGINAL JUVENILE DISPOSITION ORDER
On October 19, 2000, the trial court entered a juvenile disposition order for Tran based on various offenses, including taking a motor vehicle, two assaults, and a theft. The court placed him on community supervision with the following conditions:
1. No violations of any laws.
2. Not be in the company of another person known to be violating any laws.
3. Enrollment in and attendance of an educational/vocational program.
4. Compliance with mandatory school attendance provisions of 28A.225 RCW (with expulsion or suspension deemed to be a violation of community supervision).
5. Live at a residence approved by his probation counselor.
6. Abide by all reasonable written rules of the residence.
7. Not move from the residence without prior permission from the court or his probation counselor.
8. Spend every night at this approved residence unless given permission otherwise by his probation counselor and/or parent. Clerk's Papers (CP) at 5.

II. PROBATION VIOLATION
On January 19, 2002, at around 10:30 P.M., police stopped a vehicle for driving at a *886 "[s]peed too fast for conditions." Report of Proceedings (RP) at 12. Fourteen year-old Tran was the driver. Tran told the officer that he did not have a license. At the time, Tran was still on community supervision for his previous juvenile offenses. Tran's sister, Judy Geeslin, informed his probation officer, Mikki Keller, that the Clark County Sheriff's Office had brought Tran home for driving without a license.
Keller filed an amended motion for an arrest warrant for Tran and for a hearing to modify Tran's disposition order, listing several probation violations,[1] including violation (b), which is at issue here:
On January 24, 2002, July Geeslin, sister of said youth, informed this probation counselor that, on or about January 19, 2002, said youth was brought home by Clark County Sheriff's Office for driving without a license.[[2]]
CP at 5. Additional violations included: a curfew violation (3:30 A.M.) and being out without permission on January 24, when Tran was picked up by the police; unexcused absences from school; failure to return home on January 24; and unavailability for supervision.
As his probation officer later explained, Tran was
completely out of control at [that] point... [H]e absolutely will not follow the rules, does not go to school, when he is at school he is causing problems at school.
He does not come in and meet with me regularly. We're having a very tough time. Parents are kind of at their wits' end.
RP at 20-21.[3] The probation officer also noted that this was Tran's second probation violation for the same problemsbeing "out of control, not attending school, out all night, a new law violation, constantly misses appointments." RP at 21.
Tran admitted the violations, including violation (b). The court ordered him to serve 30 days in detention, justified by Tran's ongoing out-of-control behavior.

III. INFORMATION
A few days after filing the probation modification, the State also filed an information charging Tran with driving without a license in violation of RCW 46.20.005. Tran moved to dismiss, arguing that RCW 13.40.070(3) permitted the State to file either a probation violation or an information charging a crime for a given infraction, but not both.
The State contended that probation violation (b), alleging that law enforcement had brought Tran home for "driving without a valid operator's license," did not involve the criminal conduct of Tran's driver's license violation; rather, this allegation focused on Tran's violation of his house rules in that he was out at night past curfew, contrary to his community supervision conditions. As the probation officer explained, the underlying theme of Tran's probation violation was his out-of-control behavior, failure to follow any rules, and failure to follow probation conditions in general.
The trial court denied Tran's motion to dismiss. It ruled that probation violation (b) focused on Tran's sister's statement to the probation officer that Tran was "brought home"; and although violation (b) includes "information" about Tran's having driven without a license, it did not contain sufficient elements to support a criminal charge:

*887 There's no allegation that he was operating a motor vehicle on the public highways of the state of Washington, that anyone observed him driving, et cetera that was the particular fact required for the proof of the elements therein.
RP at 9.
Since the elements of No Valid Operator's License were not laid out in the affidavit charging Respondent with a probation violation, the affidavit did not charge Respondent with the act of driving without a license and thus RCW 13.40.070 does not apply.
CP at 20, Conclusion of Law 2.
Tran was subsequently tried for the operator's license violation and found guilty. The court sentenced him to three days in detention and eight hours of community service. Tran appeals.

ANALYSIS
The issue before us is whether RCW 13.40.070(3) prohibits the State from filing both a motion to modify a juvenile's community supervision and a criminal charge based on the same criminal offense. We adopt the rationale of Division One in State v. Murrin, 85 Wash.App. 754, 756, 934 P.2d 728 (1997), and answer yes.

I. STANDARD OF REVIEW
We review issues of statutory construction de novo. Welch v. Southland Corp., 134 Wash.2d 629, 632, 952 P.2d 162 (1998). At the outset, we assume that the Legislature meant what it said in the plain language of the statute. Geschwind v. Flanagan, 121 Wash.2d 833, 841, 854 P.2d 1061 (1993). If the statutory language is unambiguous, it is not subject to judicial construction. State v. Howell, 119 Wash.2d 513, 518, 833 P.2d 1385 (1992).

II. PLAIN LANGUAGE OF RCW 13.40.070(3)
RCW 13.40.070(3) provides, in part, as follows:
the prosecutor shall either file an information in juvenile court or divert the case, as set forth in subsections (5), (6), and (7) of this section.... In lieu of filing an information or diverting an offense a prosecutor may file a motion to modify community supervision where such offense constitutes a violation of community supervision.
(emphasis added).[4]
Division One has read the plain language of RCW 13.40.070(3) to mean, as Tran argues here, that if the State elects to file a probation modification "in lieu" of a criminal charge, then it cannot also file a criminal charge based on the same offense. Murrin, 85 Wash.App. at 756, 934 P.2d 728. The State's argument here does not persuade us to read the statute otherwise.
Murrin, also a juvenile offender, had previously admitted taking a motor vehicle without permission, for which the court had placed him on community supervision. Sometime later, Murrin violated his community supervision, and his probation officer filed a notice of modification, alleging the following violations: failure to perform community service, failure to pay restitution, curfew violation, and new offenses taking another motor vehicle and possessing burglary tools. Murrin, 85 Wash.App. at 756, 934 P.2d 728. Based on these combined violations, the trial court modified Murrin's disposition and ordered him to spend 15 days in detention. Murrin, 85 Wash.App. at 757, 934 P.2d 728.
When the State filed an information charging Murrin with taking a motor vehicle without permission, the trial court ruled that the State could not both seek modification of community supervision and file an information based on the same conduct, and it dismissed the information. Murrin, 85 Wash. App. at 757, 759, 934 P.2d 728. The State appealed. Division One affirmed, reading the statute's plain language "in lieu of" as meaning "instead of," thereby forcing the prosecutor to elect one of two mutually *888 exclusive alternatives.[5]Murrin, 85 Wash. App. at 758, 934 P.2d 728.
Two years later, addressing a related issue, Division One distinguished Murrin, in In re J.J., 96 Wash.App. 452, 980 P.2d 262 (1999), review denied, 139 Wash.2d 1017, 994 P.2d 847 (2000), which involved revocation of a juvenile's deferred adjudication, entered just one week earlier, based on the same shoplifting offense for which the State also filed a substantive criminal charge. This, time, however, the court held that the same statute in issue here, RCW 13.40.070(3), did not prohibit the State from filing both a revocation of a juvenile's deferral and a criminal charge based on the same criminal incident because the revocation did not fall within the "modification of community supervision" language of the statute. J.J., 96 Wash.App. at 453-54, 980 P.2d 262.
The court acknowledged that refraining from committing new offenses is "a mandatory condition of any term of community supervision" under RCW 13.40.020(4). J.J., 96 Wash.App. at 455, 980 P.2d 262. But after discussing the difference between "annuling" a deferred adjudication status and modifying an existing status, such as community supervision following an adjudicated status, the court left the rationale and holding of Murrin intact. J.J., 96 Wash.App. at 457, 980 P.2d 262.
Murrin's holding is also consistent with the Washington Supreme Court's earlier, unanimous, similar reading of this statute's "in lieu of" phrase in State v. Martin, 102 Wash.2d 300, 303-05, 684 P.2d 1290 (1984):
[Martin] interprets section [RCW 13.40.200](3)(b) as requiring any penalty of confinement to be in lieu of the restitution and community service not performed.....
Had the Legislature intended the confinement penalty to be credited against the restitution and community service portions of the original disposition, it would have specifically stated "in lieu of," as it did in RCW 13.40.250(2):
A monetary penalty imposed upon a juvenile under the age of sixteen who is found to have committed a traffic infraction may not exceed one hundred dollars. At the juvenile's request, the court may order performance of a number of hours of community service in lieu of a monetary penalty, at the rate of the prevailing state minimum wage per hour.
Consistent with the Supreme Court's definition of "in lieu of" in Martin, we adopt Division One's holding in Murrin and apply it here to hold that under the plain language of RCW 13.40.070(3), the prosecutor may not file an information after he has elected to file a motion to modify community supervision based on the same criminal offense.[6] Reversed.
We concur: MORGAN and ARMSTRONG, JJ.
NOTES
[1] The violations were: (a) violation of a federal, state or local law and being in the company of a person known to be violating the law; (b) that Tran was brought home on January 24, 2002 by the Clark County Sheriff's Office for driving without a license; (c) that Tran was picked up by the Beaverton, Oregon Police Department for curfew violation on or around January 24, 2002; (d) unexcused absences from Heritage High School; and (e) that Tran failed to return home on January 24, 2002. CP at 5.
[2] The State later argued that this incident occurred at 10:30 P.M. and that at that time, Tran was thereby in violation of his house rules. The notice of alleged violation, however, does not mention the curfew and house-rules violations, which were the subject of a separate violation allegation. RP at 4.
[3] Because no report of the probation violation proceedings have been included in the record on appeal, we glean these facts from the report of proceedings for the driver's license violation trial.
[4] The State argues that the prosecutor should be able to use the same criminal offense as grounds for both a juvenile's community supervision modification and a new criminal charge. But such a change in the wording of the statute is for the Legislature.
[5] The Murrin court specifically held:

The final sentence of subsection (3) grants the prosecutor discretionary relief from the preceding mandate, and allows the alternative of filing a motion to modify community supervision where the alleged offender is subject to such supervision and the new offense constitutes a violation of the terms thereof. This alternative is introduced by the phrase, "[i]n lieu of filing an information or diverting an offense."
To read the phrase "in lieu of" as permitting the State to both modify community supervision and file an information based on the same conduct is a "strained consequence" that should be avoided. Plain language does not require construction.
We hold that because the Legislature used the words "in lieu of", and the ordinary meaning of these words is "instead of", the State is prohibited from both seeking modification of community supervision and filing an information based on the same conduct.
Murrin, 85 Wash.App. at 758-59, 934 P.2d 728 (footnotes omitted).
[6] We do not, however, address the related issue not raised here or in Murrin of whether the State may first file an information charging a criminal offense and then, after obtaining a conviction, use that conviction as a ground for modifying or revoking community supervision based on the statutorily mandated community supervision condition requiring a juvenile to refrain from committing further offenses. RCW 13.40.020(4). See also J.J., 96 Wash.App. at 456-57, 980 P.2d 262.