[No. 23085-6-III.   Division Three.   October 20, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. CARA ALISA ZIMMERMAN, *Appellant*.

---

*Mark T. Monson* (of *Mosman Law Offices*), for appellant.
*Denis P. Tracy*, *Prosecuting Attorney*, and *Sharea M. Moberly*, *Deputy*, for respondent.

¶1 BROWN, J. — Cara Zimmerman was convicted of third degree theft after the State had previously filed but withdrawn an alleged juvenile community supervision violation for an earlier case based upon the alleged breach of a condition proscribing the violation of any law. Now, Ms. Zimmerman contends under RCW 13.40.070(3) the State

was foreclosed from filing the theft charge by having initially elected to seek enforcement of the prior community supervision condition. We disagree and affirm.

## FACTS

¶2 In January 2004, the State moved to modify Cara Zimmerman's order of disposition in Whitman County Juvenile Court and for the issuance of a bench warrant, based on four alleged probation violations. The allegations included a violation for failure to refrain from committing new offenses, related to the alleged theft of $60 from Ms. Zimmerman's grandmother. Before Ms. Zimmerman's arraignment, the State moved to dismiss the count for failure to refrain from committing new offenses in order to charge her with third degree theft and seek a manifest injustice disposition. Ms. Zimmerman objected, asking to enter admissions to all four violations. After a hearing, the court granted the State's motion to dismiss. Ms. Zimmerman admitted the remaining three violations and was sentenced to 30 days.

¶3 On February 27, 2004, the State filed a juvenile information charging Ms. Zimmerman with third degree theft for the mentioned theft. Ms. Zimmerman moved to dismiss the charge. She unsuccessfully argued RCW 13-.40.070(3) prohibits the State from charging a juvenile with a probation violation and then later filing an information based on the same conduct. Ms. Zimmerman appealed after she was found guilty.

## ANALYSIS

¶4 The issue is whether, under RCW 13.40.070, the court erred in allowing the State to withdraw its violation modification motion alleging a theft by Ms. Zimmerman and permitting the State to file a new information alleging the same theft conduct.

¶5 We review statutory interpretation questions of law de novo. *In re Pers. Restraint of LaChapelle,* 153 Wn.2d

1, 5, 100 P.3d 805 (2004). "The purpose of statutory construction is 'to give content and force to the language used by the Legislature.'" *State v. Murrin*, 85 Wn. App. 754, 757-58, 934 P.2d 728 (1997) (quoting *State v. Wilson*, 125 Wn.2d 212, 216, 883 P.2d 320 (1994)).

¶6 "RCW 13.40.070 establishes the prosecutor's affirmative duties when a new criminal complaint is referred to juvenile court." *Murrin*, 85 Wn. App. at 758. RCW 13-.40.070 partly provides:

> (1) Complaints referred to the juvenile court alleging the commission of an offense shall be referred directly to the prosecutor. The prosecutor, upon receipt of a complaint, shall screen the complaint to determine whether:
>
> (a) The alleged facts bring the case within the jurisdiction of the court; and
>
> (b) On a basis of available evidence there is probable cause to believe that the juvenile did commit the offense.
>
> . . . .
>
> (3) If the requirements of subsection (1)(a) and (b) of this section are met, the prosecutor shall either file an information in juvenile court or divert the case. . . . In lieu of filing an information or diverting an offense a prosecutor may file a motion to modify community supervision where such offense constitutes a violation of community supervision.

"The final sentence of subsection (3) grants the prosecutor discretionary relief . . . and allows the alternative of filing a motion to modify community [placement]." *Murrin*, 85 Wn. App. at 758.

¶7 Ms. Zimmerman argues once the State elected to file the violation modification based upon the theft, it lost its discretion to withdraw the violation allegation and refile the theft as a new case. She relies heavily on *Murrin*, where the court interpreted RCW 13.40.070 to mean "the State is prohibited from both seeking modification of community supervision and filing an information based on the same conduct." *Murrin*, 85 Wn. App. at 759. However, *Murrin* is distinguishable because there the trial court proceeded to

accept the violation admission and modify its sentence and then allowed another prosecution for the same facts. *See also State v. Tinh Quoc Tran,* 117 Wn. App. 126, 69 P.3d 884 (2003) (Division Two follows the *Murrin* reasoning and holding).

¶8 Here, the State withdrew its theft allegations before Ms. Zimmerman was arraigned in her community supervision modification proceeding. Ms. Zimmerman has no constitutional right to admit the violation under these circumstances. *See State v. Martin,* 94 Wn.2d 1, 4, 614 P.2d 164 (1980) (defendant has no constitutional right to plead guilty, but State may confer a right by statute or rule).

¶9 We reject Ms. Zimmerman's implicit argument that RCW 13.40.070 confers a right to plead to withdrawn supervision violation allegations. While Ms. Zimmerman may have desired to plead to the allegation, it was properly withdrawn by the State before she had the opportunity to do so. Further, RCW 13.40.070(3) allows the State to elect whether to seek the violation modification or file new charges in a separate prosecution. The State's initial decision to file a motion for a violation hearing does not bar it from withdrawing the allegation and separately prosecuting.

¶10 In sum, Ms. Zimmerman's reliance on *Murrin* and *Tran* is misplaced. While we accept the reasoning in *Murrin* and *Tran,* the facts here are distinguishable. In both cases, the State successfully modified a defendant's probation before seeking a later prosecution based upon the same facts. We hold the trial court correctly reasoned RCW 13-.40.070 does not prohibit the State's dissimilar election here.

¶11 Affirmed.

KATO, C.J., and THOMPSON, J. Pro Tem., concur.