# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

|  |  |
|---|---|
| STATE OF WASHINGTON, | No. 48948-1-II |
| Respondent, | |
| v. | |
| ANTHONY BRESTOFF, | PUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Anthony Brestoff appeals the juvenile court's denial of his motion to dismiss a charge of possession of less than 40 grams of marijuana while under the age of 21 and the resulting juvenile adjudication. He argues that RCW 13.40.070(3)[1] prohibited the State from charging him with possession of marijuana because the State had already elected to modify his community supervision following his suspension from school based on the same conduct. We agree that because the State had already modified the community supervision based on certain conduct, it could not also charge Brestoff for the same conduct. Accordingly, we reverse the adjudication and remand to the juvenile court to dismiss the charge with prejudice.

---

[1] The legislature amended RCW 13.40.070 in 2017. Laws of 2017, ch. 292 § 2. The amendment did not alter subsections that are relevant to this appeal. Accordingly, we cite to the current version of the statute.

FACTS

I. APRIL 2015 ADJUDICATION AND OCTOBER 2015 MODIFICATION

In April 2015, Brestoff pleaded guilty in juvenile court to a charge of unlawful possession of marijuana while under the age of 21. The conditions of supervision imposed following the April 2015 adjudication included a requirement that Brestoff "attend school without unexcused absences, tardiness[,] or disciplinary referrals," and a requirement that he "refrain from committing new offenses." Clerk's Papers (CP) at 47-48.

On October 8, while still under supervision, Brestoff was suspended from school. The school's notice of disciplinary action stated that the "reason for the action" was that Brestoff had possessed "marijuana, a vaporizer[,] and vapes." CP at 55. The notice of disciplinary action further stated that Brestoff had violated the following district rules: "Exceptional Unsafe Misconduct" and "Alcoholic Beverages and Drugs" and that "[t]his [was] the second occurrence of this nature during [Brestoff's] high school career." CP at 55.

Brestoff's probation officer filed a violation report with the juvenile court. The violation report stated that Brestoff had "violated [the] conditions of [his] supervision by: Fail[ing] to attend school without unexcused absences or disciplinary referrals." CP at 54. Brestoff's probation officer attached a copy of the school district's notice of disciplinary action describing Brestoff's possession of marijuana, a vaporizer, and vapes. The violation report also noted that Brestoff had been ordered to complete drug and alcohol treatment but that he had not finished treatment "due to a relapse he had over the summer." CP at 54. But the report did not state that Brestoff's failure to complete treatment was itself a violation.

2

Based on the probation officer's violation report, the State filed a petition to modify Brestoff's community supervision in his April 2015 disposition. At the modification hearing, Brestoff admitted "[t]o the allegation that [he] failed to attend school without unexcused absences disciplinary [sic] rules." CP at 21. The underlying possession violation was not discussed at the modification hearing.[2] The juvenile court imposed four days of detention with credit for one day, extended Brestoff's probation, and required that he obtain a substance abuse evaluation and follow all chemical dependency disposition alternative treatment recommendations.

## II. OCTOBER 2015 CHARGE

In October, shortly after the juvenile court modified Brestoff's April 2015 disposition, the State charged Brestoff with unlawful possession of marijuana while under the age of 21.

Brestoff moved to dismiss the charge, arguing that under RCW 13.40.070(3) the State was required to choose between modifying his community supervision or filing a criminal charge based on the same conduct, the marijuana possession at school. The State argued that the criminal charge was proper because the modification of community supervision was based on Brestoff's school suspension and was independent of the marijuana possession. The juvenile court denied Brestoff's motion to dismiss. In its memorandum decision, the juvenile court stated that it found that the probation violation was based on the school suspension, regardless of the reason for the suspension.

---

[2] This information is drawn from the juvenile court's memorandum opinion addressing Brestoff's motion to dismiss the later criminal charge. CP at 21. The transcript of the modification hearing is not in our record. Brestoff does not dispute that this was a correct characterization of what occurred at the hearing.

Following a stipulated facts bench trial, the juvenile court adjudicated Brestoff guilty of possession of less than 40 grams of marijuana while under the age of 21. The juvenile court imposed 6 months of community supervision and 16 hours of community service. It also ordered Brestoff to comply with a curfew set by his probation officer, to participate in classes recommended by his probation intake, to undergo an alcohol or drug dependency evaluation, to refrain from using illegal drugs or alcohol, to be subject to random testing, and to reside in an approved placement.

Brestoff appeals the denial of his motion to dismiss.

ANALYSIS

I. LEGAL PRINCIPLES

We review a trial court's ruling on a motion to dismiss for manifest abuse of discretion. *State v. Rohrich*, 149 Wn.2d 647, 654, 71 P.3d 638 (2003). An abuse of discretion occurs "'when the trial court's decision is manifestly unreasonable, or is exercised on untenable grounds, or for untenable reasons.'" *Rohrich*, 149 Wn.2d at 654 (quoting *State v. Blackwell*, 120 Wn.2d 822, 830, 845 P.2d 1017 (1993)).

RCW 13.40.070(3) provides that upon determining jurisdiction and probable cause, the prosecutor

> shall either file an information in juvenile court or divert the case, as set forth in subsections (5), (6), and (8) of this section. . . . *In lieu of filing an information or diverting an offense a prosecutor may file a motion to modify community supervision where such offense constitutes a violation of community supervision.*

(Emphasis added.)

4

In *State v. Murrin*, Division One of this court held that RCW 13.40.070's use of the phrase "in lieu of" unambiguously reflected the legislature's intent to require the State to elect between modifying community supervision *or* filing criminal charges when those actions are "based on the same conduct." 85 Wn. App. 754, 758-59, 934 P.2d 728 (1997). We adopted *Murrin* in *State v. Tran*, 117 Wn. App. 126, 132, 69 P.3d 884 (2003).

The parties do not dispute that the State must elect between a criminal charge and modification of community supervision if the charge and modification are based on the same conduct. Instead, the dispute here centers on whether the criminal charge for unlawful possession of marijuana and the modification of community supervision were, in fact, "based on the same conduct." *See Murrin*, 85 Wn. App. at 759.

## II. SAME CONDUCT

Brestoff argues that the modification and the criminal charge were based on "the same underlying conduct." Br. of Appellant at 7. The State responds that the modification and the criminal charge were not based on the same conduct because the modification was based on Brestoff's suspension from school for failing to abide by the school district's rules, not for committing any new offenses, while the criminal charge was based on Brestoff's unlawful possession of marijuana. We agree with Brestoff.

Brestoff relies on *Murrin* and *Tran*. But neither of those cases is particularly instructive because neither *Murrin*[3] nor *Tran*[4] squarely address the issue presented here—whether an act qualifies as the "same conduct" if the conduct is not the direct cause of the modification and the State does not allege a new law violation.

Here, the State could have sought modification based on Brestoff's failure to complete drug treatment, but the fact that the State did not do so indicates that the State was using Brestoff's possession of marijuana to establish the violation. Under *Murrin* and *Tran*, the State cannot bring charges if the juvenile has also been violated for committing a new crime based on the *same underlying conduct*. The *conduct* underlying Brestoff's violation was the same as the *conduct* that was the basis of the criminal charge, unlawful possession of marijuana. Although the probation officer's violation report stated only that Brestoff had "violated [the] conditions of [his] supervision by: Fail[ing] to attend school without unexcused absences or disciplinary referrals,"

---

[3] Murrin was violated for committing a new offense and adjudicated for taking a motor vehicle without permission. *Murrin*, 85 Wn. App. at 756-57. The "new offense" violation included an allegation that Murrin had taken a motor vehicle without permission. 85 Wn. App. at 756. Although the court did not discuss the issue of whether Murrin's committing the new offense violation and the new charge of taking a motor vehicle without permission were based the same conduct, the court treated them as the same conduct in its opinion. 85 Wn. App. at 759-60.

[4] Tran was violated for, among other things, a new offense based on driving without a license and then was also charged with driving without a license. *Tran*, 17 Wn. App. at 129-30. Tran argued that because the basis for his violation was the new offense, the State could not also charge him with the new offense. 117 Wn. App. at 130. The only issue expressly addressed was "whether RCW 13.40.070(3) prohibit[ed] the State from filing both a motion to modify a juvenile's community supervision and a criminal charge based the same criminal offense." 117 Wn. App. at 131. After adopting the rationale in *Murrin*, we reversed the trial court's denial of Tran's motion to dismiss. 117 Wn. App. at 134. Although we did not discuss whether the new offense violation and the criminal charge were based on the same conduct—Tran's driving without a license—this conclusion was clearly implied. *See* 117 Wn. App. at 134.

CP at 54, the probation officer also attached documentation that showed that Brestoff's absence and disciplinary referral were based on his possession of marijuana.

It is clear that Brestoff's suspension from school was based on his conduct of possessing marijuana. Absent the marijuana possession, the grounds for the modification would not have existed.

### III. JUVENILE JUSTICE ACT

Brestoff and amici[5] also argue that because Brestoff's suspension from school was based on his possession of marijuana and the suspension was the basis of his modification, the modification cannot be severed from his possession of marijuana, and imposing two different punishments for the same conduct is not consistent with the intent of the Juvenile Justice Act of 1977 (JJA), chapter 13.40 RCW. We agree.

The legislature enacted the JJA, as a comprehensive statutory scheme designed to "respond[] to the needs to youthful offenders" due to their age while ensuring that juveniles are "accountable for their offenses." RCW 13.40.010(2); Laws of 1977, ch. 291, § 55(2). Juveniles are not to be subjected to "adult criminal proceedings and punishments." *State v. S.J.C.*, 183 Wn.2d 408, 413, 352 P.3d 749 (2015). The intent of the JJA, includes, among other goals, (1) protecting the public from criminal behavior, (2) holding juveniles accountable for their criminal behavior, (3) providing punishment commensurate with the juvenile's age, crime, and criminal history, (4) providing rehabilitation and reintegration of juvenile offenders, and (5) providing for necessary treatment, supervision and custody. RCW 13.40.010(2). The intent of the legislation is

---

[5] We granted the motion by amici curiae the American Civil Liberties Union and Team Child to file briefs.

further evidenced by the requirement that the State *must elect* between imposing sanctions for violations *or* bringing new charges thus indicating the legislature's decision to balance these interests.  RCW 13.40.070(3).

Here, the modification of Brestoff's existing sentence due to his suspension and the new adjudication were both based on Brestoff's possession of marijuana.  Accordingly, we reverse Brestoff's adjudication and remand to the juvenile court to dismiss the charge with prejudice.

SUTTON, J.

We concur:

BJORGEN, C.J.

MELNICK, J.

8