[No. 10777-9-III. Division Three. September 17, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. HARRY NORMAN POWELL, *Appellant*.

*Cece Lana Glenn,* for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* and *Kevin M. Korsmo, Deputy,* for respondent.

MUNSON, J. — Harry Norman Powell appeals his conviction on one count of first degree child molestation, contending (1) the verdict was not supported by sufficient evidence; (2) the prosecutor's closing argument was impermissibly flagrant; (3) a nude diagram should not have been admitted in evidence; and (4) the errors are cumulative, requiring reversal. We agree and reverse.

Kay Hill is a school district counselor at Regal Elementary School. Her job includes facilitating a personal safety education program for the students. In January 1989, following presentation of a movie used in this program, Windy D., a fourth-grade pupil, related circumstances which aroused Ms. Hill's suspicions. Ms. Hill reported the matter to Child Protective Services which in turn contacted the police department.

According to Windy, in the weeks preceding Thanksgiving a man she knew as Uncle Harry, while she was seated on his lap, hugged her around the chest. As he assisted her off his lap he placed his hand on her "front" and bottom on her underpanties under her skirt. On another occasion, while Windy was alone with Uncle Harry in his truck waiting for her cousin, he touched both her thighs. On both occasions, he only touched her on the outside of her clothing. Windy identified Mr. Powell as Uncle Harry. She was unable to describe how he touched her.

■ Mr. Powell[1] contends the evidence of sexual gratification was insufficient to support the jury verdict. In reviewing a claim of insufficient evidence, this court must determine "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of [the offense] beyond a reasonable doubt'." *State v. Baeza*, 100 Wn.2d 487, 490, 670 P.2d 646 (1983) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 61 L. Ed. 2d 560, 99 S. Ct. 2781 (1979)).

Sexual contact is a statutory element of first degree child molestation.[2]

> "Sexual contact" means any touching of the sexual or other intimate parts of a person *done for the purpose of gratifying sexual desire of either party.*

(Italics ours.) RCW 9A.44.010(2).

---

[1]The title "uncle" was honorary; Mr. Powell was visiting in the home of a woman whose brother was living with Windy's mother. Although he was the only adult present at the time of each incident, there was no evidence he had been expressly entrusted with the care of Windy. Moreover, no touching of the genitals, under these facts, could conceivably be a part of the caretaking of a 10-year-old girl. On the other hand, having her sit in his lap was not inconsistent with his position as an honorary uncle.

[2]RCW 9A.44.083(1) provides:
"A person is guilty of child molestation in the first degree when the person has sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim."

 Proof that an unrelated adult with no caretaking function has touched the intimate parts of a child supports the inference the touching was for the purpose of sexual gratification. *State v. Wilson*, 56 Wn. App. 63, 68, 782 P.2d 224 (1989), *review denied*, 114 Wn.2d 1010 (1990); *State v. Ramirez*, 46 Wn. App. 223, 730 P.2d 98 (1986). However, in those cases in which the evidence shows touching through clothing, or touching of intimate parts of the body other than the primary erogenous areas,[3] the courts have required some additional evidence of sexual gratification. *E.g.*, *State v. Camarillo*, 115 Wn.2d 60, 63, 794 P.2d 850 (1990) ("The defendant then rubbed the zipper area of the boy's pants for 5 to 10 minutes."); *State v. Johnson*, 96 Wn.2d 926, 639 P.2d 1332 (1982) (evidence an unrelated male with no caretaking function wiped a 5-year-old girl's genitals with a washcloth might be insufficient to prove he acted for purposes of sexual gratification had that act not been followed by his having her perform fellatio on him); *State v. Wilson, supra* (one incident occurred where it would not be easily observed, and defendant was only partially clothed; victim of second incident was disrobed); *State v. Brown*, 55 Wn. App. 738, 780 P.2d 880 (1989) (multiple incidents including one in which defendant had victim operate a "penis enlarger"), *review denied*, 114 Wn.2d 1014 (1990); *State v. Brooks*, 45 Wn. App. 824, 727 P.2d 988 (1986) (whitish liquid found on infant's face, chest, and stomach; stain on infant's rubber booties identified as semen); *In re Adams*, 24 Wn. App. 517, 601 P.2d 995 (1979) (defendant removed victim's pants and was on top of her when discovered).

Here, the evidence of Mr. Powell's purpose in both touchings is equivocal. According to Windy, while she was sitting on his lap he hugged her about the chest and later touched her bottom while lifting her off his lap. The

---

[3]The term "intimate parts" has been interpreted to have a broader connotation than sexual and to include "parts of the body in close proximity to the primary erogenous areas . . ." including the hips, buttocks, and lower abdomen. *In re Adams*, 24 Wn. App. 517, 519-21, 601 P.2d 995 (1979).

record suggests it was a fleeting touch. The evidence he touched her genital area consisted solely of her statement he touched her underpanties "in the front part". She did not remember how he touched her. She said, "Hey. Stop it.", and he said, "Oops" and stopped. His touching her thighs, which occurred in his truck, is also susceptible of innocent explanation. She was clothed on each occasion and the touch was on the outside of her clothes. No threats, bribes, or requests not to tell were made.

Mr. Powell testified he was affectionate with children and if she said he touched her it was possible he hugged and touched her. He denied ever touching her under her skirt or touching her for sexual gratification. The evidence is insufficient to support an inference Mr. Powell touched Windy for the purpose of sexual gratification. No rational trier of fact could find this essential element beyond reasonable doubt. Thus we reverse and dismiss.

We comment on the other two issues because they may arise in other cases.

Mr. Powell contends the prosecutor's comments at the end of her closing argument denied him a fair trial. In concluding her final argument, the prosecutor in effect told the jury that a not guilty verdict would send a message that children who reported sexual abuse would not be believed, thereby "declaring open season on children".[4] The State concedes the comments could have been construed as improper, but argues there is no basis for appeal since Mr. Powell's objection was sustained and no curative

---

[4]"But, ladies and gentlemen, what happens when we refuse to believe the children when we tell them, yes, if something happens you're supposed to tell? And then when they do, in fact, tell something has happened to them, what do we do? We don't believe them. We refuse to believe them. What does that tell the kids? What does that tell the children? It tells them it's fine. Yeah. You can go ahead and tell, but don't expect us to do anything because if it's an adult, we're sure as heck going to believe the adult more than we believe the child. I mean, we know adults don't lie; but, yeah, we know kids lie in things of that sort. Is that what we're going to be telling these kids here? Isn't that what we're telling them with regard to this? Are we opening — or having — declaring open season on children to say: Hey, it's all right. You can go ahead and touch kids and everything because — "[.]

instruction was sought. The issue, then, is whether the prosecutorial misconduct was so flagrant and prejudicial that its appeal to the jury's passions could not have been obviated by any curative instruction. *See State v. Swan*, 114 Wn.2d 613, 661, 790 P.2d 610 (1990), *cert. denied*, ___ U.S. ___, 112 L. Ed. 2d 772, 111 S. Ct. 752 (1991); *State v. Belgarde*, 110 Wn.2d 504, 507-08, 755 P.2d 174 (1988); *State v. Barrow*, 60 Wn. App. 869, 876, 809 P.2d 209 (1991).

The prosecutor's comments in *Belgarde*, at 506-07, included description of the American Indian Movement, with which defendant Belgarde admitted affiliation, as "*a deadly group of madmen*" and "*butchers, that killed indiscriminately*" and likened its members to "Kadafi". The prejudice engendered by these comments was held to mandate retrial. *Belgarde*, at 510.

The improper comments in *Swan* included inaccurate characterization of expert medical testimony and emphasis on the evidence which supported the credibility of the testimony of the 3-year-old victims. The court held any potential for prejudice could have been remedied by a curative instruction. *Swan*, at 664-65.

The prosecutor's comments here, while more prejudicial than those in *Swan*, were not as egregious as those in *Belgarde*. It may be that a carefully worded curative instruction could have remedied the prejudice those flagrant remarks would have engendered, but that is speculation. The remarks were made at the completion of the final closing argument, immediately prior to the jury beginning its deliberations. This is one of those cases of prosecutorial misconduct in which "[t]he bell once rung cannot be unrung." *State v. Trickel*, 16 Wn. App. 18, 30, 553 P.2d 139 (1976). It denied Mr. Powell a fair trial.

At trial, the prosecutor showed Windy a drawing depicting the frontal view of a nude female child, and asked her to name various body parts. The drawing was admitted into evidence over Mr. Powell's objection. We

comment in the event use of this type of drawing is contemplated in other cases.

To be admissible for illustrative purposes, evidence must be substantially similar to "the real thing". *State v. Barr*, 9 Wn. App. 891, 895, 515 P.2d 840 (1973); *King Cy. v. Farr*, 7 Wn. App. 600, 613, 501 P.2d 612, *review denied*, 81 Wn.2d 1009 (1972). However, this drawing was not offered as a representation of any object involved in the alleged incidents, but merely as a tool to demonstrate the witness' vocabulary. The requirement of substantial similarity is inapplicable.

■ The diagram was not used to prove any fact; it was illustrative, to facilitate Windy's testimony by clarifying her vocabulary. As evidence, such a drawing has the potential of eliciting a prejudicial emotional response from the jury. Its admission as evidence under the circumstances was error; however, by itself the exhibit would not be prejudicial. We believe a jury has an awareness of the frontal view of the body of a nude female child.[5]

Reversed and dismissed.

GREEN, C.J., and SHIELDS, J., concur.

Review denied at 118 Wn.2d 1013 (1992).

---

[5]Ultimately, Mr. Powell admitted the touching could have occurred; his defense was that the touching was not done for the purpose of sexual gratification.