# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 49415-9-II |
| Respondent, | |
| v. | |
| S.T.W., | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — S.T.W.[1] appeals his conviction for one count of fourth degree assault with sexual motivation, arguing that the State presented insufficient evidence to show he acted with sexual motivation. We hold that S.T.W.'s sufficiency challenge fails and affirm.

FACTS

On February 12, 2016, M.T. invited four friends from high school over to his house for a drinking party while his parents were out of town. The guests included his girlfriend T.M., her best friend J.L., and classmates D.W. and S.T.W.

At one point, the group went into the living room to watch television. According to J.L., she sat on the recliner with D.W., while T.M. and M.T. sat on the couch. As S.T.W. entered the living room, he approached J.L. and sat on the arm of her recliner. S.T.W. then put his arm over J.L.'s shoulder. In response, J.L. stood up and moved over to the couch. Moments later, J.L.

---

[1] Under RAP 3.4, this court granted S.T.W.'s motion to seal the juvenile appeal file and use initials for all references to the juvenile and victims in order to protect their privacy interests.

followed M.T. and S.T.W. into the kitchen, where M.T. and S.T.W. poured shots of alcohol. J.L. did not drink the shot, but instead returned to the living room and laid face down on the couch next to D.W.

When S.T.W. returned to the living room, he got on top of J.L. on the couch and started "doing a humping motion." 1 Verbatim Report of Proceedings (VRP) at 52. Specifically, J.L. testified that S.T.W. moved the lower part of his body "around [her] butt" in a "[s]exual motion." 1 VRP at 52. J.L. told him to stop and tried "to wrestle from under him." 1 VRP at 54. S.T.W. also grabbed one of J.L.'s breasts while he was on top of her. J.L. estimated that S.T.W. was on top of her for five minutes.

Once S.T.W. climbed off of J.L., M.T., S.T.W. and J.L. returned to the kitchen to pour more shots. M.T. and T.M. then went upstairs to M.T.'s bedroom. Still upset by what had happened on the couch, J.L. went upstairs to get T.M. and tell her that they needed to leave. As she spoke to T.M., S.T.W. started climbing up the stairs toward the bedroom. At that point, J.L. "started breaking down mentally," so T.M. grabbed S.T.W. by the neck and pulled him down toward the end of the stairs. 1 VRP at 56-57. S.T.W. ended up falling down to the bottom of the stairs. J.L. and T.M. then walked down the stairs toward the door. As J.L. approached the bottom of the stairs, S.T.W. touched the bottom of her leg, and tried "to slide his hand up toward the pelvic area." 1 VRP at 58. His hand, however, did not actually reach her pelvic area. J.L. told S.T.W. to stop and started hitting him. Again, J.L. tried to walk toward the door, and again, S.T.W. "tried to touch [her] pelvic area again by rubbing on [her] leg." 1 VRP at 59. J.L. and T.M. began hitting S.T.W., pulled his arm away, and then ran out of the house.

2

When she returned to school, J.L. met with the school counselor and told her what had happened at M.T.'s house. After meeting with J.L., her counselor contacted law enforcement.

The State charged S.T.W. with fourth degree assault with sexual motivation. J.L., T.M., and M.T. testified at trial. J.L. testified to the facts discussed above. T.M. and M.T. contradicted J.L.'s testimony that S.T.W. jumped on top of her and touched her inappropriately on the stairs. However, the juvenile court found that T.M. and M.T. appeared to have difficulty remembering exactly what had happened that afternoon.[2] Conversely, the juvenile court found that J.L. had a clear recollection and that her testimony appeared "credible and consistent generally with the testimony of the others." 2 VRP at 217.

The juvenile court concluded that S.T.W. was guilty of both the assault and the sexual motivation special allegation. The juvenile court found that based on J.L.'s testimony, "there was an attempted assault on the stairs." 2 VRP at 218. However, because the testimony regarding the incident on the couch "was much more clear cut," the juvenile court concluded that an assault with sexual motivation occurred on the couch and based its finding of sexual motivation on S.T.W. "thrusting of [his] pelvis toward her butt" and grabbing J.L.'s breast. 2 VRP at 219.

S.T.W. appeals the juvenile court's finding that he acted with sexual motivation.

ANALYSIS

A.    SUFFICIENCY OF THE EVIDENCE

S.T.W. argues that the State presented insufficient evidence to convict him of acting with sexual motivation when he assaulted J.L. because S.T.W. contacted J.L. through her clothing and there was no additional evidence that his contact was for his own sexual gratification. We disagree.

---

[2] Our record does not contain the juvenile court's written findings and conclusions.

1.  Standard of Review

Evidence is sufficient to support a conviction, if when viewing the evidence in the light most favorable to the State, a rational fact finder could have found the crime's elements beyond a reasonable doubt. *State v. Houston-Sconiers*, 188 Wn.2d 1, 15, 391 P.3d 409 (2017). A sufficiency of the evidence challenge "'admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom.'" *Id.* (quoting *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)). Direct and circumstantial evidence are equally reliable. *State v. Moles*, 130 Wn. App. 461, 465, 123 P.3d 132 (2005), *review denied*, 157 Wn.2d 1019 (2006). We defer to the trier of fact on issues of conflicting testimony, witness credibility, and persuasiveness of the evidence. *State v. Fiser*, 99 Wn. App. 714, 719, 995 P.2d 107, *review denied*, 141 Wn.2d 1023 (2000).

2.  Finding of Sexual Motivation

RCW 13.40.135(1) allows the State to file a special allegation of sexual motivation in a nonsexual juvenile offense. To prevail, the State must prove beyond a reasonable doubt that the juvenile committed the offense "for the purpose of [his or her] sexual gratification." *State v. K.H.-H.*, 188 Wn. App. 413, 418, 353 P.3d 661 (2015), *aff'd*, 185 Wn.2d 745, 374 P.3d 1141 (2016). This requires the State to present evidence of identifiable conduct during the course of the event, which establishes proof of the juvenile's sexual purpose. *State v. Halstien*, 122 Wn.2d 109, 121, 857 P.2d 270 (1993); *see State v. Vars*, 157 Wn. App. 482, 496, 237 P.3d 378 (2010) (holding that evidence of three prior convictions of indecent exposure was sufficient to show that the defendant's current indecent exposure charge was done for his sexual gratification).

Evidence showing the juvenile acted with sexual purpose in committing the offense is not limited to evidence of criminal sexual contact. *Halstien*, 122 Wn.2d at 120-21. In *Halstien*, the

court considered whether the State presented sufficient evidence to prove that a juvenile committed second-degree burglary with sexual motivation. *Id.* at 112. There, Halstien broke into the home of one of the female customers on his paper route. *Id.* Halstien rummaged through the woman's photographs, and took a vibrator and box of condoms from her nightstand. *Id.* at 113-14. Halstien did not take any other items from the house, including the woman's televisions, stereos, jewelry, or purse. *Id.* at 113. The court held that the State may focus on the juvenile's speech and conduct, both before and during the crime, to prove sexual gratification was the motive. *Id.* at 125. Even though the burglary did not involve criminal sexual contact of the victim, the court held that Halstien's acts of exploring the victim's house and taking a box of condoms and vibrator, while leaving valuable items behind, was sufficient to conclude he committed the burglary for a sexual purpose. *Id.* at 129.

S.T.W. relies on *State v. Harstad*, 153 Wn. App. 10, 21, 218 P.3d 624 (2009), and *State v. Powell*, 62 Wn. App. 914, 917, 816 P.2d 86 (1991), *review denied*, 118 Wn.2d 1013 (1992), to support his argument that the State was required to present additional evidence of sexual gratification because he contacted J.L. through her clothing. However, these cases specifically address sufficiency of evidence in proving the crime of child molestation—a crime that requires proof of physical sexual contact.[3] *Harstad*, 153 Wn. App. at 18-19; *Powell*, 62 Wn. App. at 915; RCW 9A.44.083. Thus, the holdings in those cases specifically focused on the contact the defendants had with the children's intimate body parts, as this contact was an element of the crime.

---

[3] Under RCW 9A.44.083, a person is guilty of child molestation if he or she has "sexual contact with another who is less than twelve years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." Sexual contact is defined as "any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(2).

*Harstad*, 153 Wn. App. at 18-19; *Powell*, 62 Wn. App. at 915. Unlike child molestation, someone can commit a nonsexual crime with sexual motivation without actually touching the victim, as in *Halstien* and *Vars*.

Further, *Harstad* and *Powell* held that evidence the defendant touched the intimate parts of a child supports the inference it was done for the purpose of sexual gratification, and thus constituted sexual contact. *Harstad*, 153 Wn. App. at 21; *Powell*, 62 Wn. App. at 917. But if that contact was through the child's clothing, the State is required to present additional evidence of sexual purpose in order to prove sexual contact. *Id.*

Here, the State was not required to present evidence of sexual contact in order to prove S.T.W. acted with sexual motivation. Because the State charged S.T.W. with fourth degree assault—not child molestation—the State did not need to prove that S.T.W. touched an intimate body part with sexual motivation. Rather, as in *Halstien* and *Vars*, the State could meet its burden of proving sexual motivation by showing identifiable conduct of sexual purpose before or during the assault.

Viewing the evidence in the light most favorable to the State, the evidence showed that before the assault, S.T.W. sat on the arm of the recliner that J.L. was sitting in and put his arm around her shoulder. A short time later, S.T.W. jumped on top of J.L., started "doing a humping motion" by moving the lower part of his body "around [S.T.W.'s] butt," and grabbed her breast. 1 VRP at 52. S.T.W. did not get off of J.L. when she told him to stop, and she struggled to get out from underneath him. Based on this evidence, a rational trier of fact can find beyond a reasonable doubt that S.T.W.'s motive in climbing on top of J.L was for his sexual gratification. Thus, we hold that the trial court did not abuse its discretion in finding that S.T.W.'s acts of thrusting his

No. 49415-9-II

hips toward her buttocks and touching J.L.'s breast during the assault was identifiable conduct of

sexual motivation.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington

Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so

ordered.

Lee, J.

We concur:

Johanson, P.J.

Melnick, J.

7