# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>        Respondent,<br><br>    v.<br><br>DEREK RAMIREZ NEBREJA,<br><br>        Appellant. | No.  52861-4-II<br><br><br>UNPUBLISHED OPINION |

SUTTON, J. — Derek Ramirez Nebreja appeals his jury trial conviction for child molestation in the second degree, arguing that (1) the trial court erred by denying his ER 404(b) motion to exclude evidence of sexual misconduct that occurred one week before the charged offense, (2) there was insufficient evidence to convict him because the State failed to prove that he acted for sexual gratification, (3) the prosecutor committed prosecutorial misconduct by misstating the law and improperly shifting the burden of proof during closing argument, and (4) cumulative error denied him a fair trial.

We hold that (1) the trial court did not err by denying Nebreja's ER 404(b) motion to exclude evidence, (2) the State presented sufficient evidence for a rational trier of fact to determine that Nebreja acted for sexual gratification, and (3) there was no prosecutorial misconduct.  Because we find no error, (4) the cumulative error doctrine does not apply.  We affirm Nebreja's conviction.

FACTS

Nebreja is married to Leelani Nebreja, and they have children together. Leelani[1] has a half sister, K.H., who was twelve years old at the time of the incident.

In September 2017, K.H. and her family were at Nebreja's house. K.H. was alone with Nebreja in his bedroom, and she went into his closet to pick out some shoes. As K.H. left the walk-in closet, she felt somebody touch her buttocks. Nebreja was the only other person in the room, so she realized he was the one who touched her. At the time, she believed the touch was accidental, so she did not tell anyone.

One week later, K.H. was at her own house. Nebreja and Leelani were also there, along with their children. That evening, K.H. was watching a movie on a couch in the living room with Nebreja and her niece and nephew. Nebreja was sitting on the left side of the couch, his daughter was sitting directly to his right, and K.H. was sitting to the right of Nebreja's daughter and holding Nebreja's son on her right side. Nebreja's daughter was sitting toward the edge of the couch, focused on the movie playing. Nebreja began to rub K.H.'s arm, and she moved her arm. Nebreja then moved his hand down to her left thigh and began to rub that. K.H. picked up Nebreja's infant son and put him between them, but Nebreja continued to touch her. Nebreja moved his hand toward and then began touching K.H.'s vagina over her clothing. Nebreja stopped touching K.H. when she got up and left the room. The incident lasted for about five seconds.

The State charged Nebreja with one count of child molestation in the second degree.

---

[1] We use Leelani's first name for clarity and mean no disrespect.

Nebreja moved under ER 404(b) to exclude the evidence of the prior sexual misconduct where he touched K.H.'s buttocks one week before the charged offense. Nebreja argued that the evidence was not probative, the prior incident was not factually similar to the charged offense, and any probative value was outweighed by the prejudicial effect. The State argued that the evidence of the prior incident was highly probative because it showed a lack of mistake and a lustful disposition towards K.H., and its probative value outweighed any prejudicial effect. The trial court denied Nebreja's motion, ruling that "the probative value outweighs the prejudicial value, and goes towards a lack of mistake or accident in the subsequent touching." Verbatim Report of Proceedings (VRP) at 14. The court later clarified that the prior incident was also admissible as evidence of a "lustful disposition" toward K.H. VRP at 99.

K.H. testified at trial consistent with the facts outlined above.

During closing arguments, the prosecutor stated,

> So, I represent the State today, and that means I have the burden of proving all the elements of the charge beyond a reasonable doubt. So, you should absolutely hold me to that burden. After hearing, if you don't believe I've met that burden, if I didn't prove it, then you should find [Nebreja] not guilty. That would be your duty.

VRP at 196. The prosecutor later argued that, "[s]ometimes an act simply speaks for itself. There is no other reason for this touching to occur." VRP at 199. During his rebuttal argument, the prosecutor said, "What I said earlier is what I'll say again, sometimes the act speaks for itself and in the context of what happened, what we have here is a very clear deliberate fact that serves no other purpose beyond his own sexual gratification." VRP at 215-16.

The jury returned a guilty verdict. Nebreja appeals his conviction.

3

ANALYSIS

I.  ER 404(b) EVIDENCE

Nebreja argues that the trial court erred by denying his ER 404(b) motion to exclude evidence of the prior sexual misconduct incident.  Nebreja argues that the prior incident was not factually similar, its admission was not necessary to corroborate K.H.'s testimony, any probative value was outweighed by the prejudicial effect, and the error was not harmless beyond a reasonable doubt.  We hold that the trial court did not err by denying Nebreja's motion to exclude.

We review the trial court's interpretation of ER 404(b) de novo as a matter of law.  *State v. Fisher*, 165 Wn.2d 727, 745, 202 P.3d 937 (2009).  If the trial court interprets the rule correctly, we review the decision to admit evidence under ER 404(b) for an abuse of discretion.  *Fisher*, 165 Wn.2d at 745.  A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds.  *State v. Hassan*, 184 Wn. App. 140, 151, 336 P.3d 99 (2014).

Under ER 404(b), a defendant's prior misconduct is inadmissible to show the defendant's propensity to commit the charged crime.  *State v. Gresham*, 173 Wn.2d 405, 420, 269 P.3d 207 (2012).  But ER 404(b) does not prohibit evidence of the defendant's prior misconduct for other purposes, such as demonstrating motive, intent, a common scheme or plan, or lack of mistake or accident.  *Gresham*, 173 Wn.2d at 420.

One accepted "other purpose" under ER 404(b) is to show the defendant's motive and intent in cases involving sex offenses.  *Gresham*, 173 Wn.2d at 430 n.4.  In such cases, the defendant's prior sexual misconduct may be admitted under ER 404(b) when it shows the defendant's "lustful disposition" directed toward the victim.  *State v. Ray*, 116 Wn.2d 531, 547, 806 P.2d 1220 (1991).  The evidence must reflect the defendant's sexual desire for the particular

victim. *Ray*, 116 Wn.2d at 547. The purpose of this evidence "is not to demonstrate the defendant's character but to demonstrate the nature of the defendant's relationship with and feelings toward the victim." *Gresham*, 173 Wn.2d at 430 n.4.

> The evidence is strongly probative because of the secrecy surrounding child sex abuse, victim vulnerability, the frequent absence of physical evidence of sexual abuse, the public opprobrium connected to such an accusation, a victim's unwillingness to testify, and a lack of confidence in a jury's ability to determine a child witness's credibility.

*State v. Kennealy*, 151 Wn. App. 861, 890, 214 P.3d 200 (2009). But evidence still may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." ER 403.

> To admit evidence of a person's prior misconduct, "the trial court must (1) find by a preponderance of the evidence that the misconduct occurred, (2) identify the purpose for which the evidence is sought to be introduced, (3) determine whether the evidence is relevant to prove an element of the crime charged, and (4) weigh the probative value against the prejudicial effect."

*Gresham*, 173 Wn.2d at 421 (quoting *State v. Vy Thang*, 145 Wn.2d 630, 642, 41 P.3d 1159 (2002)).

K.H. testified about the incident one week before the charged offense where Nebreja inappropriately touched her. She testified that she was in the closet picking out shoes, and as she walked out, Nebreja touched her buttocks with his fingers over her clothes. At the time, K.H. did not tell anyone because she thought it was an accident. The charged offense involved a similar incident that occurred one week later when Nebreja and K.H. were sitting on the couch at her family's house with no other adults present, and Nebreja touched K.H. on her vagina over her clothes.

Given the timing of the two incidents and that the two incidents were similar, the evidence of the prior incident was highly probative to show a lack of mistake and a lustful disposition by Nebreja towards K.H. And the probative value outweighed any prejudicial effect. Thus, we hold that the trial court did not abuse its discretion by denying Nebreja's ER 404(b) motion.[2]

## II. SUFFICIENCY OF THE EVIDENCE

Nebreja argues that the evidence at trial was insufficient to convict him because the State failed to prove beyond a reasonable doubt that he acted for sexual gratification. We disagree and hold that there was sufficient evidence for a rational trier of fact to find that Nebreja acted for sexual gratification.

In a criminal case, due process requires the State to prove each element of a crime beyond a reasonable doubt. *State v. Kalebaugh*, 183 Wn.2d 578, 584, 355 P.3d 253 (2015); *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Cardenas-Flores*, 189 Wn.2d 243, 265, 401 P.3d 19 (2017). In a sufficiency of the evidence claim, the defendant admits the truth of the evidence, and we view the evidence and all reasonable inferences drawn from that evidence in the light most favorable to the State. *Cardenas-Flores*, 189 Wn.2d at 265-66. Credibility determinations are made by the trier of fact and are not subject to review. *Cardenas-Flores*, 189 Wn.2d at 266. Circumstantial and direct evidence are equally reliable. *Cardenas-Flores*, 189 Wn.2d at 266.

---

[2] Nebreja also argues that the two instances are not similar, but that element goes to common scheme or plan, and that was not the purpose of the ER 404(b) evidence.

A person commits second degree child molestation if "the person has . . . sexual contact with another who is at least twelve years old but less than fourteen years old and not married to the perpetrator and the perpetrator is at least thirty-six months older than the victim." RCW 9A.44.086(1). An essential element of the crime of child molestation is "sexual contact." RCW 9A.44.086(1). "Sexual contact" is a touching of sexual or other intimate parts "for the purpose of gratifying sexual desire." RCW 9A.44.010(2). Thus, the State must prove the defendant acted with the purpose of sexual gratification. *In re the Pers. Restraint of Heidari*, 174 Wn.2d 288, 294, 274 P.3d 366 (2012).

Intimate parts are those that a person of common intelligence would know are improper to touch. *State v. Harstad*, 153 Wn. App. 10, 21, 218 P.3d 624 (2009). Proof that an unrelated, noncaretaking adult touched a child's intimate part supports an inference of touching for sexual gratification. *Harstad*, 153 Wn. App. at 21. Additional evidence of sexual gratification is required when the touching is through clothing or is not of a primary erogenous area. *State v. Powell*, 62 Wn. App. 914, 917, 816 P.2d 86 (1991). But even if a touching of intimate parts is over clothing, a sexual contact has occurred when the touching is not susceptible of innocent explanation. *See Harstad*, 153 Wn. App. at 22.

Nebreja argues that this case is analogous to *Powell*. In *Powell*, a young girl testified that a man touched her through her clothing, including hugging her chest and touching her underwear and thighs. 62 Wn. App. at 916. These incidents happened once as the defendant was assisting the victim off his lap and once as the two were sitting in the defendant's truck. *Powell*, 62 Wn. App. at 916. The victim was unable to describe precisely how the man touched her. *Powell*, 62 Wn. App. at 916. We held that there was insufficient evidence of sexual gratification to convict

7

the defendant because the touches were fleeting, his purpose was equivocal and susceptible of innocent explanation, and the defendant made no threats or requests for the victim not to tell. *Powell*, 62 Wn. App. at 918.

Here, the facts are distinguishable from *Powell*. One week before the charged offense, Nebreja touched K.H. inappropriately. Nebreja had no purpose for touching K.H. then or during the charged offense other than for sexual gratification, unlike the defendant in *Powell*. Taking all the facts into consideration, there is no innocent explanation for why Nebreja touched K.H. on her vagina, especially given the fact that he had inappropriately touched her one week before the charged offense.

Because there is no innocent explanation for why Nebreja touched K.H. on the vagina and it was the second time in one week that he touched K.H. inappropriately, we hold that the State presented sufficient evidence for a rational trier of fact to find that Nebreja acted for sexual gratification. Thus, we hold that sufficient evidence supports Nebreja's conviction.

## III. PROSECUTORIAL MISCONDUCT

Nebreja argues that the prosecutor committed misconduct by misstating the law when he argued that "[s]ometimes an act simply speaks for itself" and improperly shifting the burden of proof regarding sexual gratification. Br. of Appellant at 18 (quoting VRP at 199). We hold that there was no prosecutorial misconduct.

Arguments by the prosecution that shift or misstate the State's burden to prove the defendant's guilt beyond a reasonable doubt constitute misconduct. *State v. Lindsay*, 180 Wn.2d 423, 434, 326 P.3d 125 (2014). "The propriety of a prosecutor's conduct is 'reviewed in the context of the total argument, the issues in the case, the evidence addressed in the argument, and

the instructions given.'" *State v. Reed*, 168 Wn. App. 553, 577, 278 P.3d 203 (2012) (quoting *State v. Russell*, 125 Wn.2d 24, 85-86, 882 P.2d 747 (1994)). "In closing argument, a prosecutor is afforded wide latitude to draw and express reasonable inferences from the evidence." *Reed*, 168 Wn. App. at 577.

We must ascertain whether the prosecutor's misconduct was "so flagrant and ill intentioned" that an instruction would not have cured the prejudice. *State v. Scherf*, 192 Wn.2d 350, 394, 429 P.3d 776 (2018).

Under this heightened standard of review, Nebreja must show that "(1) 'no curative instruction would have obviated any prejudicial effect on the jury' and (2) the resulting prejudice 'had a substantial likelihood of affecting the jury verdict.'" *Scherf*, 192 Wn.2d at 394 (internal quotation marks omitted) (quoting *State v. Emery*, 174 Wn.2d 741, 761, 278 P.3d 653 (2012)). "'The criterion always is, has such a feeling of prejudice been engendered or located in the minds of the jury as to prevent a [defendant] from having a fair trial?'" *State v. Pinson*, 183 Wn. App. 411, 419, 333 P.3d 528 (2014) (alternation in original) (internal quotation marks omitted) (quoting *Emery*, 174 Wn.2d at 762).

During closing argument, the prosecutor stated that "[s]ometimes an act simply speaks for itself," referring to Nebreja's acts for sexual gratification. VRP at 199, 215. He also stated that "I represent the State today, and that means I have the burden of proving all the elements of the charge beyond a reasonable doubt. So, you should absolutely hold me to that burden." VRP at 196.

Here, the touching of a twelve-year-old's vagina, which is not susceptible of innocent explanation, does speak for itself. *Powell*, 62 Wn. App. at 918; *Harstad*, 153 Wn. App. at 22. It is clear that the prosecutor did not commit misconduct by stating that "[s]ometimes an act . . . speaks for itself." VRP at 199, 215. Moreover, the prosecutor made it clear to the jury that the State had the burden of proving all the elements beyond a reasonable doubt. Thus, we hold that the prosecutor did not misstate the law or improperly shift the burden of proof and Nebreja's claim of prosecutor misconduct fails.

## VI. CUMULATIVE ERROR

Nebreja argues that even if we find that the above errors alone are not sufficient for reversal, cumulative error denied Nebreja a fair trial. Because we find no error, the cumulative error doctrine does not apply.

We review cumulative error claims de novo. *State v. Clark*, 187 Wn.2d 641, 649, 389 P.3d 462 (2017). Nebreja must show that "while multiple trial errors, 'standing alone, might not be of sufficient gravity to constitute grounds for a new trial, the combined effect of the accumulation of errors most certainly requires a new trial.'" *Clark*, 187 Wn.2d at 649 (quoting *State v. Coe*, 101 Wn.2d 772, 789, 684 P.2d 668 (1984)).

Nebreja has failed to establish any trial error. Therefore, because there is no error, we hold that the cumulative error doctrine does not apply.

No. 52861-4-II

## CONCLUSION

We affirm Nebreja's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

, C.J.

LEE, C.J.

WORSWICK, J.