# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  60040-4-II |
| Respondent, | |
| v. | |
| TERRANCE ALLEN PHILLIPS, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, P.J. — Terrance A. Phillips appeals his conviction for child molestation in the first degree (domestic violence).  Phillips argues that there was insufficient evidence of sexual contact to support his conviction.  We disagree and affirm Phillips's conviction.

FACTS

In November 2021, R.C.Q. reported to the police that she experienced inappropriate sexual touching at home.  R.C.Q. disclosed that her stepfather, Phillips, requested photographs of her in revealing clothing; touched her waist and hair; touched her butt, breasts, and vagina; and tried to remove her clothes.

The State charged Phillips with three counts of child molestation in the first degree, all with an alleged domestic violence aggravator, and one count of child molestation in the third degree, also with an alleged domestic violence aggravator.  The case proceeded to a jury trial.

A.     TRIAL

R.C.Q. testified that she first met Phillips when he began dating her mother.  They met in 2015, when R.C.Q. was seven years old and they lived in California.  Phillips later moved to

Washington, while R.C.Q. and her mother remained in California. During that time, R.C.Q.'s mother and Phillips maintained a romantic relationship. After Phillips moved to Washington, he would contact R.C.Q. directly by sending her messages on her tablet.

R.C.Q. stated that Phillips's communications with her made her uncomfortable. R.C.Q. explained that while Phillips lived in Washington and she lived in California, Phillips would text R.C.Q. to request photos of her. She was eight or nine years old when Phillips began asking for photos. Phillips requested that R.C.Q. wear "tight leggings and a thin shirt that showed cleavage or nothing other than a bra and underwear" in these photos. 1 Verbatim Rep. of Proc. (VRP) (Dec. 5, 2023) at 307. She also stated that Phillips would respond to the photos she sent by calling her "cute" or "pretty" or saying that he liked the curves of her body. 1 VRP (Dec. 5, 2023) at 308, 366.

When R.C.Q. and her mother later moved to Washington in August 2018, Phillips's conduct escalated. R.C.Q. testified that Phillips began touching her in a sexual manner. She explained that when she was in her room, Phillips would ask her to remove her clothing or change into more revealing clothing. R.C.Q. also stated that Phillips touched her up to several times a week, ranging from touching her neck and playing with her hair to touching her butt, breasts, and vagina.

R.C.Q. explained that Phillips would enter her room, tell her to give him a hug, try to put his hands under her shirt, and touch her chest. This included touching her breasts outside her clothing, under her clothing but over her bra, as well as touching her breasts directly. R.C.Q. stated that Phillips was at times unsuccessful in his attempts when she evaded his touch or when she stated that she was uncomfortable or asked him to stop.

R.C.Q. also testified that between August 2018 and January 2019, Phillips touched her butt over her clothes by putting his hand over it, trying to squeeze it, or rubbing his hand over it while she was walking or when she would stand up.

R.C.Q. recounted a specific incident in which Phillips entered her room while she was reading. She testified that Phillips touched her vagina "skin to skin" and tried to touch her breasts. 1 VRP (Dec. 5, 2023) at 334. However, R.C.Q. was unable to be clear about whether this occurred in 2018 or 2019—whether it was prior to R.C.Q.'s twelfth birthday.

From January to April 2019, R.C.Q. and her mother briefly returned to California to resolve a child custody dispute. When R.C.Q. and her mother moved back to Washington, the touching resumed. R.C.Q. testified that Phillips last touched her in October 2021, when he touched her butt over her clothes.

During closing arguments, the State elected what specific acts corresponded to each count. The State identified the breast touching between August 1, 2018, and January 31, 2019 as supporting count 1. The State relied on the butt touching in the same time frame to support count 2. The State identified the vagina touching as conduct supporting count 3. And the State relied on the butt touching in October 2021 to support count 4.

B.     VERDICT

The jury found Phillips guilty of first degree child molestation as to count 2 and found that Phillips and R.C.Q. were members of the same family or household. The jury returned a verdict of not guilty on the remaining charges.

Phillips appeals.

ANALYSIS

A.   STANDARD OF REVIEW

In determining whether evidence is sufficient to support a criminal conviction, the applicable inquiry is whether "'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Roberts*, ___ Wn.3d ___, 572 P.3d 1191, 1197 (2025) (emphasis in original) (quoting *Jackson v. Virginia,* 443 U.S. 307, 318-19, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979)). "Judicial review includes '*all of the evidence*' considered in a light most favorable to the prosecution." *Id.* (emphasis in original) (quoting *Jackson,* 443 U.S. at 318-19).

"When a criminal defendant challenges sufficiency of the evidence, 'all reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant. A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom.'" *State v. Scanlan*, 193 Wn.2d 753, 770, 445 P.3d 960 (2019) (quoting *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992)), *cert. denied*, 140 S. Ct. 834 (2020). "'Circumstantial evidence and direct evidence are equally reliable in determining the sufficiency of the evidence.'" *Id.* (internal quotation marks omitted) (quoting *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470 (2010)).

B.   PROOF OF SEXUAL CONTACT

Phillips argues that there was insufficient evidence of sexual contact to support his conviction for first degree child molestation. Specifically, Phillips contends that the evidence was insufficient to find sexual contact because there was no evidence he acted for the purpose of sexual gratification. We disagree.

4

To convict Phillips of first degree child molestation, the State had to prove that Phillips had sexual contact with R.C.Q., that R.C.Q. was under 12 years old, that Phillips was not married to R.C.Q., and that Phillips was at least 36 months older than R.C.Q. Former RCW 9A.44.083(1) (1994). "'Sexual contact' means any touching of the sexual or other intimate parts of a person done for the purpose of gratifying sexual desire of either party or a third party." RCW 9A.44.010(13).[1]

"'Proof that an unrelated adult with no caretaking function has touched the intimate parts of a child supports the inference the touch was for the purpose of sexual gratification.'" *State v. Harstad*, 153 Wn. App. 10, 21, 218 P.3d 624 (2009) (quoting *State v. Powell*, 62 Wn. App. 914, 917, 816 P.2d 86 (1991), *review denied*, 118 Wn.2d 1013 (1992)). "Intimate parts" are those "'parts of the body in close proximity to the primary erogenous areas,'" such as hips, buttocks, and the lower abdomen. *Powell*, 62 Wn. App. at 920 n.3 (quoting *In re Adams*, 24 Wn. App. 517, 519-21, 601 P.2d 995 (1979)). When touching occurs through clothing, courts have required additional evidence of sexual gratification. *Id.* at 917.

Here, given R.C.Q.'s testimony, a jury could have found beyond a reasonable doubt that Phillips touched R.C.Q.'s butt for the purpose of sexual gratification, and therefore, there was sexual contact. The evidence showed that Phillips, who had no caretaking function with regard to R.C.Q., touched R.C.Q.'s butt, which is an intimate part of a child. Although Phillips touched R.C.Q.'s butt over her clothing, R.C.Q.'s testimony provided additional evidence of sexual

---

[1] Former RCW 9A.44.010 (2018) was in effect at the time of the crime. However, no substantive changes to the statute have been made affecting the issue in this case; therefore, we cite to the current version.

gratification. For example, when R.C.Q. was eight or nine years old, Phillips requested photos of R.C.Q. in tight or revealing clothing. Phillips was particular about the types of photos he wanted R.C.Q. to send, and he would comment on her physical appearance in the photos. After R.C.Q. and her mother moved to Washington, Phillips would ask R.C.Q. to remove her clothing or to change into more revealing clothing. Further, R.C.Q. testified that Phillips began touching her breasts, butt, and vagina after she moved to Washington.

R.C.Q.'s testimony regarding Phillips's conduct supports the reasonable inference that Phillips touched R.C.Q.'s butt for sexual gratification. Thus, a rational trier of fact could have found beyond a reasonable doubt that the touching was sexual contact. Therefore, sufficient evidence of sexual contact supports Phillips's conviction for first degree child molestation.

## CONCLUSION

We affirm Phillips's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, P.J.

We concur:

Glasgow, J.

Price, J.

6